**Eugene L. KUHL et al., Plaintiffs,**

v.

**Robert E. HAMPTON et al., Defendants.**

**No. 70 C 36(A).**

United States District Court,
E. D. Missouri, E. D.

March 25, 1971.

Louis Gilden, St. Louis, Mo., for plaintiffs.

Daniel Bartlett, Jr., U. S. Atty., James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

HARPER, District Judge.

The plaintiffs, all mail handlers of the St. Louis Post Office Department of the United States, instituted this action against defendants, Robert E. Hampton, James Johnson, L. J. Andolsek, members of the United States Civil Service Commission, and Winton M. Blount, the Postmaster General of the United States.

The complaint alleges that the mail handlers have been denied the opportunity to compete equally with the post office clerks in filling twenty-nine newly established positions as sack-sorting machine operators. In substance, the plaintiffs contend that the Post Office Department's determination to assign a clerical classification to said new positions is a "subterfuge" to keep mail handlers from qualifying for said employment since mail handlers' experience qualifies them

to compete for the new positions. In addition, the plaintiffs aver in vague terms the presence of racial discrimination. In the complaint the plaintiffs seek to have this court order and direct the Postmaster General of the United States to allow the plaintiffs to compete for the new position of sack-sorting machine operator.

Jurisdiction is claimed under the Administrative Procedure Act, 5 U.S.C.A. §§ 554–559; 5 U.S.C.A. § 1009; 5 U.S.C.A. § 7151; 5 U.S.C.A. § 4103; 5 U.S.C.A. § 701; 5 U.S.C.A. § 7701; 28 U.S.C.A. § 1343; 28 U.S.C.A. § 1391; 39 U.S.C.A. § 3502; 42 U.S.C.A. § 1981; Executive Orders Numbers 11348 and 10925; the Civil Rights Act of 1964; and the First, Fifth and Fourteenth Amendments of the United States Constitution. The matter was heard by this court.

Under Gnotta v. United States, 415 F. 2d 1271 (8th Cir. 1969), cert. den. 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970), this court cannot consider a review of agency action in this case until the question of government immunity and of consequent jurisdiction is resolved. This case presents two issues: First, is this suit against the named defendants in actuality a suit against the United States, and second, assuming a positive answer to the first question, has the United States consented to be sued? The Gnotta case settles both questions.

As to the first issue, the court need only look to the plaintiffs' requested relief. Here, as in Gnotta, the requested court order would compel the government to act. In effect, this suit is against the United States. The court in Gnotta stated, l. c. 1277:

" * * * A suit against an officer of the United States is one against the United States itself 'if the decree would operate against' the sovereign; Hawaii v. Gordon, 373 U.S. 57, 58, 83 S.Ct. 1052, 1053, 10 L.Ed.2d 191 (1963); or if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration', Land v. Dollar, 330 U.S. 731, 738, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act' Larson v. Domestic & Foreign Commerce Corporation, 337 U.S. 682, 704, 69 S.Ct. 1457, 1468, 93 L.Ed. 1628 (1949). See Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). These principles, we feel, operate to identify the first and second counts against the named individuals with counts against the United States, for relief against the counts would compel those individuals to promote the plaintiff, with the natural effect a promotion has upon the Treasury, and to exercise administrative discretion in an official personnel area. This obviously is not a case which concerns either of the exceptions recognized in Dugan v. Rank, supra, 372 U.S. at 621–622, 83 S.Ct. 999, namely, where the officer's act is beyond his statutory power or where, although the action is within the scope of his authority, the power, or the manner of its exercise, is constitutionally void. See Simons v. Vinson, 394 F.2d 732, 736 (5 Cir. 1968), cert. denied, 393 U.S. 968, 89 S.Ct. 398, 21 L.Ed.2d 379." (Emphasis added.)

The uncontradicted testimony of C. Gordon Beale, a classification and wage specialist of the Post Office Personnel Department for twenty-eight years, establishes that the new positions were classified at the present level only after a detail review of the job requirements. Likewise the uncontested testimony of Martin H. Steekel, a labor relations assistant in the Post Office Personnel Department, establishes that the Post Office Department meticulously complied with all the requirements of the labor contract before classifying the newly created sack-sorting machine operators into the clerical craft. These are not the circumstances that would permit this court to recognize any of the exceptions noted in Dugan v. Rank, supra. Thus, this court concludes that the suit against the

named defendants is a suit against the United States.

With regard to the second issue, it is well settled that one cannot sue the United States without its consent. For purposes of this action, the Post Office under 39 U.S.C.A. § 301 is a part of the executive branch of the United States Government. The court in *Gnotta,* supra, recognized that the Department of the Army is a part of the executive branch of the United States, and stated at 1276–1277:

> "One cannot sue the United States without its consent and a court has no jurisdiction of a suit against the United States to which it has not consented. United States v. Sherwood, 312 U.S. 584, 586–588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); * * *.
>
> "The plaintiff has not demonstrated that the United States has consented to be sued in the context of the relief requested by the first and second counts of the complaint, namely, positive relief directed to enhanced employment status. Clearly, then, the district court's action in dismissing the first and second counts as to the United States, the United States Civil Service Commission, and the Department of the Army was correct for the court had no jurisdiction of those courts as against those defendants."

As in *Gnotta,* supra, the plaintiffs here have failed to establish that the government has consented to be sued in the context of invoking this court's injunctive power in order to insure that the members of one craft receive the same opportunities as the members of another craft. All the claims of jurisdiction under Titles 5, 28, 39, and 42 of the United States Code furnish no basis in this case for the relief claimed by the plaintiffs. Likewise, the Executive Orders furnish no basis for relief since these orders do not contemplate enforcement by private civil actions. See Gnotta v. United States, supra, at 1275.

As to the plaintiffs' claim of racial discrimination, the plaintiffs abandoned this allegation at trial. No evidence was introduced in order to support such an allegation. Moreover, the record affirmatively establishes through the testimony of both Negro and Caucasian mail handlers that no racial discrimination was present.

The court adopts this memorandum opinion as its findings of fact and conclusions of law and the clerk will prepare and enter the proper order dismissing the case for lack of jurisdiction.