Eugene L. **KUHL** et al., Plaintiffs-Appellants,

v.

Robert E. **HAMPTON** et al., Defendants-Appellees.

No. 71–1257.

United States Court of Appeals, Eighth Circuit.

Nov. 11, 1971.

Rehearing Denied Nov. 30, 1971.

---

Louis Gilden, St. Louis, Mo., for plaintiffs-appellants.

Anthony J. Steinmeyer, Atty., Dept. of Justice, Washington, D. C., L. Patrick Gray, III, Asst. Atty. Gen., Daniel Bartlett, Jr., U. S. Atty., Walter H. Fleischer, Atty., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before GIBSON, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

The plaintiffs, 23 mailhandlers employed by the United States Postal Service in the St. Louis, Missouri area, filed this complaint against the members of the Civil Service Commission and the Postmaster General seeking the right to compete for 29 new jobs classified as Postal Field Service-6 (PFS-6), sack sorting machine operators. These new positions were created by an administrative decision of the Post Office to up-grade and mechanize the postal operation and were assigned to the Clerks Craft rather than to Mailhandlers Craft. Accordingly, the plaintiffs could not compete for these new positions, unless they first qualified as clerks. This they could attempt to do, but in so transferring would lose their seniority built up in the Mailhandlers Craft. Although their old manual positions were abolished, they were not discharged but transferred to other duties of like classification, PFS-4 or 5.

The District Court, the Honorable Roy W. Harper, 326 F.Supp. 439, dismissed the complaint for lack of jurisdiction, holding the suit against the named defendants is actually a suit against the United States and that the United States has not consented to be sued, relying upon Gnotta v. United States, 415 F.2d 1271 (8th Cir. 1969), cert. denied, 397 U.S. 934, 90 S.Ct. 941, 25 L. Ed.2d 115 (1970). We affirm.

The new positions provide a more sophisticated operation by the use of electromechanical equipment and require a higher level of competency than that required for the mailhandler's position which is classified as PFS-4 or 5. The National Mailhandlers Union had a right to appeal the final craft designation by the postal authorities and submit the matter to advisory arbitration under § 11 of Executive Order 10988, 3 C.F.R. 521 (1959–1963 Comp.). This was not done.

Now plaintiffs claim that as public employees they have the right to advance themselves on the basis of merit and ability by competing with the clerks for the new positions. The legal basis for this claim is that the Postal Service acted arbitrarily in making the sack sorter classification open only to those in the Clerks Craft, thus resulting in a denial of due process to the plaintiffs. The arbitrariness factor results from an alleged failure of the Postal Service to observe the statutory directives of 5 U. S.C. § 4103 and the implementing Exec-

utive Order No. 11348 of April 20, 1967 (32 C.F.R. § 6335).

■ Section 4103 directs the establishment of training programs to increase economy and efficiency in governmental operations. Executive Order No. 11348 directs the agency heads to foster employee self-development by providing training for employees without regard to race, sex or other factors unrelated to the need for training and by utilizing flexible work assignments to promote growth leading to qualitative and quantitative improvement. It appears clear that the statute and the Executive Order set forth a broad basis for a progressive personnel policy, but neither is intended to constitute a statutory or legal framework enforceable in all of its facets by legal proceedings in the courts. The statute and the Executive Order constitute managerial directives and do not give a private legal right of action to every governmental employee who feels aggrieved about the administration of or the progress made in carrying out these statutory and executive directives. *See* Gnotta v. United States, 415 F.2d 1271 at 1278. The cases cited by plaintiffs giving executive orders the force and effect of law still do not provide a legal basis for plaintiffs' complaints.

■ We are of the opinion that the job classifications are essentially matters committed by law to administrative discretion (agency discretion); that proper procedures were observed by the Postal Service in setting up this classification; that the issues attempted to be raised by the plaintiffs are not justiciable nor reviewable in the courts; and that the complaint presents no basis for federal court jurisdiction. The principles discussed and held applicable in *Gnotta, supra,* govern this factual situation.

Aside from the fact that the United States Government has not consented to a suit of this type, the plaintiffs have not demonstrated the violation of any legal or constitutional right that would be the basis for jurisdiction in the federal court. The agency action is not reviewable, nor have there been any federal legal or constitutional rights violated. The District Court properly found that there were no racial overtones to this complaint so as to invoke the protection of the Civil Rights statutes and applicable constitutional provisions. From this ruling the plaintiffs did not appeal. The classifications at best constitute discretion in administrative procedures which are specifically exempt from judicial review by 5 U.S.C. § 701(a) (2).

■ The federal courts are courts of limited jurisdiction created to adjudicate legal causes within their jurisdiction and were not established to mediate any and all types of complaints and alleged wrongs; and they certainly were not established to operate the administrative agencies of government. As appropriately noted by Judge Blackmun, now Mr. Justice Blackmun, in Gnotta v. United States, 415 F.2d at 1276:

> "Surely, promotion or non-promotion of employees within a department is a matter of supervisory discretion and not ordinarily subject to judicial review. 5 U.S.C. § 554(a) (2) (citations omitted).

> \*    \*    \*    \*    \*    \*

> "Professor Davis asks 'Do we want courts inquiring into personnel management—salary increases, sick leave, office hours, allocation of parking spaces in the basement of the agency's building?' 4 K. Davis Administrative Law Treatise § 28.16 at 82 (1958)."

We agree.

Judgment of dismissal affirmed.