**Curtis PAYNE, Appellant,**

v.

**FORD MOTOR COMPANY, Appellee.**

No. 71–1695.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1972.

Decided June 19, 1972.

Samuel H. Liberman, Liberman & Baron, St. Louis, Mo., for appellant.

G. Lane Roberts, Jr., St. Louis, Mo., for appellee.

George H. Weiler, III, John de J. Pemberton, Jr., Acting Gen. Counsel, Julia P. Cooper, Chief, Appellate Division, David W. Zugschwerdt, George H. Weiler, III, Attys., Equal Employment Opportunity Commission, Washington, D. C., amici curiae.

Before ROSS and STEPHENSON, Circuit Judges, and URBOM,* Chief District Judge.

PER CURIAM.

Curtis Payne commenced this action in the United States District Court for the Eastern District of Missouri under Title VII of the Civil Rights Act of 1964[1] and under 42 U.S.C. § 1981[2] to recover damages from his employer, Ford Motor Company for allegedly subjecting him "to different and less favorable terms and conditions of employment than were applied in the case of White fellow employees." The District Court, 334 F.Supp. 172, dismissed the complaint on the ground that § 1981 applies only to State action and does not reach discriminatory practices in the private business sector. In the alternative, the District Court found that it did not possess subject matter jurisdiction over the Title VII claims because Payne had not first obtained from the Equal Employment Opportunity Commission a finding that there exists reasonable cause to believe that his charges of racial discrimination are true.

Subsequent to the decision of the District Court, this court decided Brady v. Bristol-Meyers, Inc., 459 F.2d 621 (1972) and Green v. McDonnell Douglas Corporation, 463 F.2d 337 (1972), renewed petition for rehearing *en banc* pending. *Brady* established for this circuit the proposition that § 1981 reaches

* Of the District of Nebraska, sitting by designation.

1. 42 U.S.C. §§ 2000e to 2000e–15 (1964).

2. The District Court has jurisdiction under 28 U.S.C. § 1343(4) to entertain a properly stated § 1981 claim.

racially discriminatory practices that arise in the private sector. *Green*, noting with approval cases from other circuits holding that an EEOC finding of reasonable cause is not a jurisdictional prerequisite to litigation of a Title VII claim, held that a District Court possesses subject matter jurisdiction to entertain Title VII claims with respect to which no such finding has been made. Application of these principles in the instant case serves completely to undercut the theories upon which the District Court relied in dismissing the complaint. Accordingly, the judgment appealed from must be reversed and the case remanded to the District Court for reconsideration in light of *Brady* and *Green*.

The District Court is directed to reinstate the complaint and to conduct further proceedings not inconsistent with this opinion.