**Dollie R. WALKER, Plaintiff,**
v.
**Richard KLEINDIENST et al., Defendants.**
**Civ. A. No. 1355-72.**

United States District Court,
District of Columbia,
Civil Division.
May 1, 1973.

M. Wilhelmina Jackson, Washington, D. C., for plaintiff.

J. Michael McGarry, III, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

JOHN LEWIS SMITH, Jr., District Judge.

This is a job discrimination case in which the plaintiff, a Negro female employee of the United States Department of Justice, claims that she was denied a promotion on the grounds of race and sex.[1] Plaintiff, Dr. Dollie Walker, a sociologist employed as a Program Specialist, seeks declaratory and injunctive relief, including a promotion to a higher Civil Service grade level and back pay. Jurisdiction is invoked under Title VII of the Civil Rights Act of 1964, Pub.L. 88–352, 78 Stat. 255, 42 U.S.C. § 2000e–1 et seq., as amended by the Equal Employment Opportunity Act of 1972, Pub. L. 92–261, 86 Stat. 111, 42 U.S.C. § 2000e–1, et seq., which covers discrimination in federal employment. The case is before the Court on the Government's motion to dismiss for lack of jurisdiction and failure to state a claim for relief and plaintiff's opposition.

Briefly, the facts are: the promotion plaintiff actively sought was granted to a white male employee on what plaintiff believed to be discriminatory grounds. On July 13, 1971, plaintiff filed an Equal Employment Opportunity Complaint (hereinafter, EEO complaint) with the appropriate office of the Department of Justice, in accord with regulations of the Civil Service Commission, 5 C.F.R. 713 et seq. and of the Department of Justice, 28 C.F.R. 42 et seq.[2] On March 24, 1972, while her EEO complaint was pending with them, the Department discharged plaintiff from her job on other grounds. On April 18, 1972, the Department cancelled the EEO complaint on the grounds that Plaintiff's removal rendered her request for a promotion moot. Plaintiff appealed this dismissal, and the Civil Service Commission Board of Appeals and Review affirmed the Department by letter dated June 6, 1972. On July 7, plaintiff filed this suit. Since then, the Department of Justice has been ordered to reinstate the plaintiff, thus foreclosing the mootness issue.

The threshold question is whether plaintiff has stated a claim under Title VII, as amended, over which this Court has jurisdiction. The Government contends that the Act does not apply to this case since the alleged acts of discrimination occurred prior to the time Title VII was amended to cover federal employment. The Government maintains this position despite the fact that the Civil Service Commission appeal and this suit were filed well after the Amendment's March 24, 1972 effective date. Plaintiff argues that the Act is retroactive.

The Courts are divided on this issue[3] and, although at least one decision in this Court has suggested that the 1972 amendments are retroactive,[4] Dr. Walker's case raises an issue of first impression in this Court. Based on the reasons set forth below, this Court holds that Title VII, as amended, covers charges of pre-act discrimination in federal employment, whether such charges were pending with the Civil Service Com-

---

1. The complaint states that Defendants' "policies and practices" (not defined) discriminate against the Plaintiff. This phrasing leads the Court to conclude that this is not a pattern or practice suit, but an individual complaint of discrimination against Dr. Walker.

2. An initial investigatory report by the Equal Employment Opportunity officer concluded that Plaintiff's promotion was denied on grounds of sex. The report recommended that if the conclusion were adopted by the Department's Complaint Adjudication Officer, Dr. Walker should be awarded back pay from September 1969. Letter of Mary Eastwood, January 7, 1972.

3. Freeman v. Defense Construction Supply Center, C.A. 72–241 SD Ohio, October 14, 1972, Johnson v. Froehlke, C.A. 72–677H D.Md., January 4, 1973.

4. Davis et al. v. Washington et al., 352 F. Supp. 187 (D.D.C.1972)

mission or pending at some other stage in the remedial process on March 24, 1972. The Court bases this holding on the fact that the 1972 Act is a remedial statute and, accordingly, additional arguments advanced by plaintiff need not be addressed here.[5]

■ Federal employees have had a right to be free from job discrimination long before the passage of the 1972 amendments. It is well established that the federal government has no license to discriminate. Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954) and cases there cited. The specific right of federal employees to be protected against discrimination on the job is at least as old as the effective date of the 1964 Civil Rights Act. Exec.Order 11478, 11246, 30 F.Reg. 12319 (1965); Pub.L. 89–554, Sept. 6, 1966, 80 Stat. 523, 5 U.S.C. § 7152. Furthermore, the courts have looked to the rights of private employees under Title VII as the model for constitutional constraints on a public employer. Davis et al. v. Washington, et al., 352 F.Supp. 187 (D.D.C., 1972), Castro v. Beecher, 459 F.2d 725 (1st Cir., 1972).

Federal employees have also had a remedy through the federal courts. Jurisdiction has been found in the Court of Claims under 28 U.S.C. § 1491; and that Court has interpreted the Tucker Act, 28 U.S.C. § 1346(a), as a waiver of sovereign immunity allowing federal employees to successfully sue their employers. Allison v. United States, 451 F.2d 1035 (Ct.Cl., 1971), Chambers v.

United States, 451 F.2d 1045 (Ct.Cl., 1971). Federal employees have also sued in Federal District Court under the Administrative Procedure Act. 5 U.S.C. § 702, Douglas v. Hampton, 338 F.Supp. 18 (D.D.C., 1972).

For the most part, however, access to the federal courts was restricted by the successfully invoked defense of sovereign immunity. Kuhl v. Hampton, 326 F. Supp. 439 (E.D.Mo.1971), aff'd 451 F.2d 340 (8th Cir. 1971); Beale v. Blount, 461 F.2d 1133 (5th Cir., 1972); Hadnott v. Laird, 317 F.Supp. 379, aff'd 149 U.S.App.D.C. 358, 463 F.2d 304 (1972). Relief was also limited, as in the Tucker Act which does not provide non-monetary relief such as promotions. *Allison, supra.*

■ The 1972 Act is clearly remedial. The Act fits the classic definition of legislation which affords a remedy or facilitates remedies already existing for the enforcement of rights and redress of injuries, 2 Southerland, Statutory Construction, Sec. 3302 (3rd Ed. 1972). Furthermore, it is civil rights legislation, traditionally considered remedial. *Id.* Vol. 4, Sec. 7217 (1972 Cum.Supp.). The general rule of construction is that a remedial statute shall be so construed as to make it effect its evident purpose and if the reason of the statute extends to past transactions, as well as to those in the future, then it will be so applied. The 1972 Act should be construed to cover pending charges of discrimination in federal employment since the statute "Takes away no substantive right, but . . . simply changes the tribunal

---

5. One clear statutory purpose is to provide public employees the same access to legal redress now provided for private employees and to grant both the benefit of the court's full remedial powers. Legislative History of Equal Employment Opportunity Act, Subcommittee on Labor of the Senate Committee on Labor and Public Welfare, 92nd Cong. 2d Sess. 1763 (Nov., 1972). Sec. 14 of the 1972 Act makes the amendment applicable to cases pending before the Commission and although Dr. Walker's complaint was not so pending at the time of the Act's passage and therefore does not raise this issue, cases pending before the Civil Service Commission probably are to be covered by the Act. See J. Harvey's remarks in Johnson v. Froehlke, *supra.*

The Court recognizes another legitimate approach to Dr. Walker's claim of jurisdiction, i. e., that her case presents no issue of retrospectivity at all since she is currently suffering the present effects of past discrimination. Quarles v. Phillip Morris, Inc., 279 F.Supp. 505 (E.D.Va., 1968). This theory, however, would only allow relief back to the effective date of March 24, 1972.

that is to hear the case." Hallowell v. Commons, 239 U.S. 506, 508, 36 S.Ct. 202, 60 L.Ed. 409 (1916). See also Thorpe v. Housing Authority of the City of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); Turner v. United States, 410 F.2d 837 at 842 (5 Cir., 1969) for the rule when a case is pending judicial determination. Its applicability to pending cases is also supported by the fact that the 1972 Act is amendatory, affecting procedural remedies and should, therefore, apply to all cases pending at the time of its enactment unless some vested right would be impaired as a result. 1A Southerland, Secs. 22.01, 22.36. The federal government has no license to discriminate and, consequently, no vested right is affected. The Court finds that it has jurisdiction to entertain plaintiff's claim.

■■ The remaining issue is whether plaintiff's claim is properly before this Court. The Government relies on 5 C.F.R. 713.215 for the proposition that an agency head may cancel an EEO complaint when a complainant's separation on other grounds is effectuated. That section of C.F.R. is devoid of any suggestion that termination of employment renders a pending EEO complaint moot. By that section, the agency's power to reject or cancel a claim is restricted. Duplicate complaints, untimely complaints, or the failure to prosecute a complaint alone constitute grounds for dismissal, none of which were present here. The Department's cancellation of Dr. Walker's claim was in direct violation of the regulation. The proper procedure when an agency has erroneously dismissed an employment matter on the grounds it was not within the agency's purview is to remand the case to the agency for a determination on the merits. Holden v. Finch, 144 U.S.App.D.C. 310, 446 F.2d 1311 (1971); Goodman v. United States, 138 U.S.App.D.C. 1, 424 F.2d 914 (1970). The Court remands this case to the Department of Justice for full consideration of plaintiff's claim at the administrative level.