EQUAL EMPLOYMENT OPPORTU-
NITY COMMISSION, Plaintiff,

v.

EAGLE IRON WORKS et al.,
Defendants.

Civ. No. 73–116–1.

United States District Court,
S. D. Iowa, C. D.

Dec. 6, 1973.

Paul F. Ahlers, James E. Cooney, and H. Richard Smith, Des Moines, Iowa, for Eagle Iron Works.

Arthur C. Hedberg, Jr., Des Moines, Iowa, for Local 479.

## MEMORANDUM AND ORDER

STUART, District Judge.

This matter is before the Court on a motion to dismiss filed by defendant Eagle Iron Works (Eagle). Because Eagle has offered several exhibits in support of the motion, the Court will treat it as

a motion for summary judgment under F.R.Civ.P. 12(b) and 56.

The most recent charge filed against Eagle with the Equal Employment Opportunity Commission (EEOC) alleging a violation of Title VII of the Civil Rights Act of 1964, as amended, was filed by Ira Hicks, February 17, 1969, alleging a violation occurred on October 31, 1968. At that time Mr. Hicks had a complaint pending with the Iowa Civil Rights Commission involving the same incident. By letter dated June 25, 1969, Eagle Iron Works was informed that the Iowa Civil Rights Commission found no probable cause existed with regard to this grievance.

On December 21, 1971, the EEOC decided there was reasonable cause to believe there had been a violation of Title VII. On May 11, 1972, the EEOC sent Mr. Hicks a "Notice of Right to Sue Within Ninety Days". On September 7, 1972, about 120 days after the 90 day notice, Mr. Hicks filed his complaint in this Court. On January 24, 1973, the action was dismissed for lack of jurisdiction because the complaint was not filed within 90 days.

On May 23, 1973, the EEOC filed this patterns and practices action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §§ 2000e et seq. as amended by Public Law 92–261, 86 Stat. 103, March 24, 1972. The EEOC does not dispute the claim that the above grievance charging discrimination is the only one on which the present action could be based.

In the motion and accompanying "Memorandum of Authorities" offered in support thereof, Eagle asserts the following grounds for issuing summary judgment in its favor:

(1) The Court lacks subject matter jurisdiction;

(2) Plaintiff EEOC has failed to state a cause of action on which relief can be granted because

(a) the alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., occurred prior to the effective date of the Equal Employment Opportunity Act of 1972, Pub.L. No. 92–261, 86 Stat. 103, which Act first empowered the EEOC to sue in its own behalf,

(b) the EEOC is precluded by prior proceedings from litigating the issues raised in this suit,

(c) the EEOC has improperly pleaded the satisfaction of conditions precedent, and

(d) the instant action is barred by the applicable statute of limitations.

For the reasons set out below the Court is of the opinion that Eagle's motion should be denied.

## I. Subject Matter Jurisdiction

■ Eagle argues that this Court lacks subject matter jurisdiction over the instant controversy. Its memorandum does not squarely address this contention. Since, as will be discussed below, Eagle's one claim which might successfully challenge this Court's jurisdiction—that EEOC has improperly pleaded jurisdictional facts—must be decided against it, the Court concludes that it does, in fact, possess the requisite subject matter jurisdiction. See 28 U.S.C. §§ 1343(4), 1345; 42 U.S.C. § 2000e–5(f)(3).

## II. Retroactive Application of the Equal Employment Opportunity Act of 1972

■ Prior to the amendment of the Civil Rights Act of 1964 by the Equal Employment Opportunity Act of 1972, the plaintiff in this case, the EEOC, was powerless to sue eo nominee to secure compliance with Title VII. Eagle argues that it is a violation of its right to due process to allow the EEOC to sue it now, that application of a 1972 legislative enactment to a 1968 grievance is prohibited by the 5th amendment and the ex post facto clause of Article I, section 9 of the Constitution. At the heart of Eagle's contention is its claim that Title VII is essentially punitive in na-

ture. See Burgess v. Salmon (1878), 97 U.S. (7 Otto) 381, 384–385, 24 L.Ed. 1104. This characterization ignores a substantial body of law that has reached the conclusion that the Civil Rights Act of 1964 and the Equal Employment Opportunity Act of 1972 are remedial in purpose and are to be given the broadest possible interpretation consistent with their benevolent purpose. See, e.g., Parham v. Southwestern Bell Telephone Co. (8th Cir., 1970), 433 F.2d 421, 425; Bowe v. Colgate Palmolive Co. (7th Cir., 1969), 416 F.2d 711, 719–721; Walker v. Kleindienst (D.D.C., 1973), 357 F.Supp. 749.

Eagle also argues that the retroactive application of the 1972 statute is impermissible because it deprives an individual of vested fundamental rights or property interests. See Chase Securities Corp. v. Donaldson (1945), 325 U.S. 304, 311–316, 65 S.Ct. 1137, 89 L.Ed. 1628; Campbell v. Holt (1885), 115 U.S. 620, 628–630, 6 S.Ct. 209, 29 L.Ed. 483. Especially apposite here is the following language from *Campbell*:

> There are numerous cases where a contract incapable of enforcement for want of a remedy, or because there is some obstruction to the remedy, can be so aided by legislation as to become the proper ground of a valid action . . .
>
> In all this class of cases the ground taken is that there exists a contract, but, by reason of no remedy having been provided for its enforcement, or the remedy ordinarily applicable to that class having, for reasons of public policy, been forbidden or withheld, the legislature, by providing a remedy where none exists, or removing the statutory obstruction to the use of the remedy, enables the party to enforce the contract, otherwise unobjectionable. 115 U.S. at 627, 6 S.Ct. at 213.

■ The point emphasized by the quoted excerpt from *Campbell* is that, if there exists a right, a subsequent legislative enactment creating a remedy for the deprivation of or interference with that right is constitutionally unobjectionable. Defendant Eagle misconstrues the statutory scheme and fails to recognize the distinction between unlawful conduct and a cause of action to remedy that conduct.

■ Retroactive application is supported by the plain statutory language of § 14 of the 1972 Act, Pub.L. No. 92–261, § 14, which provides: "The amendments made by this Act to [42 U.S.C. § 2000e–5] shall be applicable with respect to charges pending with the Commission on [March 24, 1972] and all charges filed thereafter." Since there is agreement that the complaint which triggered the instant suit was pending on March 24, 1972, it is evident that Congress intended § 2000e–5 to apply to this case. By allowing the EEOC to proceed, therefore, the Court is doing nothing more than effectuating a clearly expressed legislative intent.

■ Racially oriented employment discrimination has been prohibited since the effective date of the 1964 Act, July 2, 1965. The 1972 Act requires that an analogy be drawn comparing the provision allowing the EEOC to sue in its own behalf to a Congressional attempt to provide a remedy for a preexisting right of the type referred to in *Campbell*, supra. So viewed, allowing the EEOC to avail itself of the provisions of the 1972 Act poses no constitutional problems. See Walker v. Kleindienst, supra.

### III. Collateral Estoppel

In arguing the unconstitutionality of applying the 1972 Act to this case, Eagle has advanced the first tine of a two-pronged argument, the second of which is based on the principle of collateral estoppel. Eagle argues that if the Equal Employment Opportunity Act created a new cause of action then it is unconstitutional to allow the EEOC to prosecute that action since it was created subsequent to the filing of the original complaint. In the alternative, if the 1972 Act merely authorized the EEOC to

prosecute the cause of action accruing under the 1964 Act to the original claimant, Ira Hicks, then the EEOC is barred from proceeding further by the dismissal entered against Hicks on January 24, 1973, for failing to proceed in a timely manner. We need not consider the first alternative as the EEOC does not claim the 1972 Act as a new cause of action and it has already been interpreted to be remedial herein.

As suggested in the discussion of retroactivity, above, the more appropriate approach to the problem posed by Eagle's due process argument involves the determination of whether allowing the EEOC to proceed in its own right violated Eagle's constitutional rights by depriving it of a vested fundamental right or property interest. In a similar vein, it is not sufficient to deal with Eagle's attempted interposition of the doctrine of collateral estoppel by merely deciding whether Hicks, himself, still has a cause of action. Rather, the Court must determine whether Hicks' unsuccessful attempt to seek relief on his own behalf bars the EEOC from seeking essentially similar relief from the same defendant in the action now before the Court.

Eagle argues that the "doctrine referred to as issue preclusion" bars the EEOC from proceeding eo nominee in the instant action. "Issue preclusion" is more generally known as collateral estoppel; see Engelhardt v. Bell & Howell Co. (8th Cir., 1964), 327 F.2d 30, 31; but regardless of the label chosen, Eagle's position is untenable. An examination of the authority cited by Eagle in support of its position leads to the conclusion that Hicks' unsuccessful attempt to sue Eagle is no bar to this action. In 1B J. Moore & T. Currier, Moore's Federal Practice ¶ 0.441[2] (1971 Reprint) (Moore's Federal Practice), the following definition of collateral estoppel is offered:

> The essence of collateral estoppel by judgment is that some question or fact in dispute has been judicially and finally determined by a court of competent juridiction between the same

parties or their privies. Thus the principle of such an estoppel may be stated as follows: Where there is a second action between parties, or their prives, who are bound by a judgment rendered in a prior suit, but the second action involves a different claim, cause, or demand, the judgment in the first suit operates as a collateral estoppel as to, but only as to, those matters or points which were in issue or controverted and upon which the initial judgment necessarily depended.

To much the same effect is the definition of res judicata offered by the same authority:

> The term res judicata [means] in respect to the effect of a valid final judgment . . . that such a judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim or demand . . . 1B Moore's Federal Practice ¶ 0.405[1].

Both definitions reflect a common theme: For a prior judgment to be a bar to a subsequent proceeding, the party against whom the prior judgment is asserted must have been a party thereto or have been in privity with such a party. See, e.g., S. T. McKnight Co. v. Central Hanover Bank & Trust Co. (8th Cir., 1941), 120 F.2d 310, 315. Thus, it is necessary, in the instant case, to determine whether the interests of the plaintiff herein are sufficiently identifiable with those of Ira Hicks to make the EEOC Hicks' privy.

In so doing, the Court is mindful of the admonition that "[p]rivity, like knowledge, turns on the facts of particular cases". Coryell v. Phipps (1943), 317 U.S. 406, 411, 63 S.Ct. 291, 294, 87 L.Ed. 363. On the facts of this case, the relationship between the EEOC and Ira Hicks is not sufficiently close to justify precluding the EEOC from litigating its claim before this Court. See United States v. Webber (3d Cir., 1968), 396 F.2d 381, 386–387. As will be discussed more fully in the portion

of this memorandum dealing with the problem of statutes of limitation, *infra,* the Court is of the opinion that the claim asserted herein is essentially a public one—the EEOC is seeking to further a societal interest, to protect the public from the inimical effects of racial discrimination in employment. Hicks, on the other hand, asserted what was essentially a private right. Although the instant suit and the one initiated by Hicks may have stemmed from the same instance of alleged racial discrimination, the EEOC is merely using the individual claim as a statutory vehicle. For Hicks the individual claim was the essence of his action. Thus, the Court concludes that Hicks and the EEOC are not privies, and defendant Eagle's claim that the earlier dismissal is a bar to the instant proceeding must be denied. See Williamson v. Bethlehem Steel Corp. (2d Cir., 1972), 468 F.2d 1201, 1203.

## IV. Conditions Precedent

In addition to its cause-of-action arguments, Eagle attacks the sufficiency of the EEOC's complaint, charging that the Commission has improperly pleaded the satisfaction of the conditions precedent to its maintenance of this action.[1] Eagle cites four cases in support of its position that the EEOC must plead satisfaction of the conditions specifically rather than in a general, conclusive manner. The force of its argument is severely undercut by the fact that two of the cited cases were reversed on appeal while a third was decided by a district court in the same circuit that reversed the first two. The two cases which were reversed are Richard v. McDonnell Douglas Corp. (E.D.Mo., 1972), 339 F.Supp. 1149, rev'd (8th Cir., 1972), 469 F.2d 1249, and Payne v. Ford Motor Co. (E.D.Mo., 1972), 334 F.Supp. 172, rev'd per curiam (8th Cir., 1972), 461 F.2d 1107. In neither case, however, did the 8th Circuit squarely address the problem of sufficiency of

pleading. The third case, Foye v. United A. G. Stores Co-op (D.Neb., 1972), 336 F.Supp. 82, does at least arguably support Eagle's position since the district court there did state that a proper complaint must allege satisfaction of the timeliness requirements of 42 U.S.C. § 2000e–5(d), but even so, the support it offers is more conjectural than concrete, since the court there did not discuss the very problem now before this Court, whether the required allegation must be specific or whether it is sufficient merely to allege general satisfaction of the statutory requirements. 336 F.Supp. at 83–84.

The case that most strongly buttresses Eagle's contention is EEOC v. Container Corp. of America (M.D.Fla., 1972), 352 F.Supp. 262. The Court in that case was faced with substantially the same allegation of satisfaction of conditions precedent that is contained in the instant complaint and determined that such an allegation was insufficient. A close examination of the facts in *Container,* however, indicate several disparities between it and the instant case. There the arguments and memoranda before the Court raised serious questions about whether the conditions precedent had, in fact, been satisfied. In the face of this substantial doubt, the court ordered the EEOC to plead over to facilitate "judicial inquiry" into the matter of satisfaction. 352 F.Supp. at 266.

Ignoring, for the moment, any questions about the propriety of using pleadings as a discovery device, it must be observed that there is nothing now before the Court that raises any doubt about plaintiff's satisfaction of the conditions except Eagle's unsupported contention that full disclosure of the facts would show that the statutory requirements have not been satisfied by the EEOC. Thus, even assuming that *Container* expresses the better view with respect to pleading, it is factually distinguishable from the instant case.

1. The challenged language is in Paragraph 10 of the complaint:

10. All conditions precedent to the institution of this action have been fulfilled.

██ Eagle's professed desire to use the complaint as a discovery device points up a basic flaw in the *Container* holding, however, which would force the Court to hesitate to apply it to the instant case even if the factual setting were more closely identifiable with that in *Container*. It has long been recognized that the proper procedural device to discover specific facts prejudicial to an opponent's case is discovery, not the motion to dismiss or the motion for a more specific statement. See Conley v. Gibson (1957), 355 U.S. 41, 47–48, 78 S. Ct. 99, 2 L.Ed.2d 80. Numerous cases decided since *Container* have recognized this fact and have ruled that a general allegation of the type challenged in the instant action is sufficient to withstand a motion to dismiss or for a more specific statement. See EEOC v. Pick-Memphis Corp. (W.D.Tenn., 1973), 5 E.P.D. ¶ 8471; EEOC v. Bartenders Int'l Union (N.D.Cal., 1973), 6 E.P.D. ¶ 8702; EEOC v. Mobil Oil Co. (W.D.Mo.1973), 362 F.Supp. 786. The Court is of the opinion that these cases reflect the sounder approach and that the general allegation contained in Paragraph 10 of the plaintiff's complaint is sufficient.

### V. Statutes of Limitation

██ In support of its contention that the EEOC improperly pleaded the satisfaction of conditions precedent, Eagle claims that the EEOC could only bring this action, if at all, within 180 days of the filing of the original complaint by Ira Hicks. Since it is indisputable that the EEOC failed to do this, Eagle has concluded that the EEOC failed to satisfy at least one condition precedent to the maintenance of this action—that the Commission proceed in a timely manner. Suffice it to say that Eagle's contention requires a tortuous reading of 42 U.S.C. § 2000e–5(f)(1) and also requires the Court to ignore the legislative history of the 1972 Act, which clearly indicates Congressional recognition of the fact that many cases take longer to process than 180 days and that the 180-day limitations period was intended to provide relief for aggrieved individuals by opening an alternative avenue to seek judicial redress, not solace to alleged discriminators by foreclosing court action by the EEOC. See H.Rep. 92–231, 2 U.S.Code Cong. & Admin. News, 2137, 2147–48 (92d Cong., 2d Sess.1972)

██ Eagle maintains that even if its interpretation of § 2000e–5(f)(1) is erroneous, this action is barred by the two-year limitations period provided by Iowa Code § 614.1. Absent an applicable federally created statute of limitation, the appropriate state statute generally controls under the Rules of Decision Act, 28 U.S.C. § 1652. Cope v. Anderson (1947), 331 U.S. 461, 463, 67 S.Ct. 1340, 91 L.Ed. 1602. This is true even where an individual brings suit to seek protection of a federally created civil right. Swan v. Board of Higher Education (2d Cir., 1963), 319 F.2d 56, 59. It has been held that in so far as suits for back pay brought by the United States under Title VII are merely "conduits" for the recovery of monies due injured individuals, the period of limitation applicable to such suits is that prescribed by the state statute applicable to suits for lost wages. United States v. Georgia Power Co. (5th Cir., 1973), 474 F.2d 906, 922–925. In the instant case the applicable limitation period is two years. Iowa Code § 614.1(8). Such period begins to run as to each aggrieved person as of the date of the last discriminatory act committed against such person by the defendant·from which recovery is sought. In the original complaint, Ira Hicks alleged that the 1964 Act was·violated, as to him, on October 31, 1968. Thus, were it not for problems posed by the possible tolling of the statute of limitations during the pendency of the administrative proceedings in this case, see 474 F.2d at 925, the original claimant would not be entitled to any individual relief, even if the EEOC were ultimately to be successful on the merits. Whether by the running of the statute of limitations or on the application of preclusion principles, the Court is of the opinion

that Ira Hicks individually can not benefit in the event any recovery or relief is ultimately secured by the EEOC in this case.

Merely determining that claims for back pay are governed by the state statute does not end the Court's inquiry. The EEOC seeks not only monetary relief for possibly aggrieved individuals, it also seeks the Court's aid in ensuring that the defendants in this action comply with Title VII. Since it is settled law "that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights"; United States v. Summerlin (1940), 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283; *accord,* United States v. Nashville, C. & St. L. Ry. (1886), 118 U.S. 120, 125, 6 S.Ct. 1006, 30 L.Ed. 81; the key question is whether the EEOC, in so far as it is attempting to obtain present and future compliance with Title VII, is seeking to enforce a right of the sovereign or a purely personal right of Ira Hicks and his coworkers at Eagle.

The legislative history of the Equal Employment Opportunity Act of 1972 clearly indicates that discrimination in employment is considered a *societal* ill and that its elimination is a paramount *public* concern:

> Despite the commitment of Congress to the goal of equal employment opportunity for all our citizens, the machinery created by the Civil Rights Act of 1964 is not adequate.

> Despite the progress which has been made since the passage of the Civil Rights Act of 1964, discrimination against minorities and women continues. The persistence of discrimination and its detrimental effects require a reaffirmation of our national policy of equal opportunity in employment. It is essential that seven years after the passage of the Civil Rights Act of 1964, effective enforcement procedures be provided the Equal Employment Opportunity Commission to strengthen its efforts to reduce discrimination in employment. H.Rep. 92–238, supra, 2 U.S.Code Cong. & Admin.News, 2137, 2139.

This strong statement of Congressional commitment to equal employment opportunities as a national goal makes it clear that the interest being protected by the EEOC in seeking to force compliance with Title VII is a public interest, notwithstanding the fact that the immediate beneficiaries of the EEOC's efforts may be private individuals. Accordingly, Eagle's claim that the EEOC's efforts to force it to comply with Title VII are subject to Iowa's statute of limitations cannot be upheld. Therefore,

It is hereby ordered that the motion to dismiss filed by defendant Eagle Iron Works be and is denied.

It is further ordered that defendant Eagle Iron Works file its answer to the complaint of plaintiff Equal Employment Opportunity Commission within 20 days of the date this order is filed unless granted leave to delay such filing by this Court.