**Charles A. FEARS, Plaintiff,**

**v.**

**Benjamin T. CATLIN, Commanding Officer, Air Force Reserve Personnel Center, Defendant.**

**Civ. A. No. C–4687.**

United States District Court,
D. Colorado.

Jan. 11, 1974.

———◆———

Penfield W. Tate, II, Denver, Colo., for plaintiff.

James L. Treece, U. S. Atty., Denver, Colo., for defendant.

### ORDER

CHILSON, District Judge.

This is a Title VII action based on alleged employment discrimination.

Plaintiff is a federal employee working for the Air Force Reserve Personnel Center (A.R.P.C.). He alleges that in July of 1971, defendant refused to permit him to be promoted because of his race although he was the best qualified person available for the position. Plaintiff further alleges that he is being maintained in a low position because of his race; that the testing requirements of the defendant are not in compliance with 42 U.S.C.A. § 2000e–2(h); and that the defendant follows a practice of limiting Negro employees to menial jobs.

Plaintiff filed an Equal Employment Opportunity complaint with the A.R.P.C. on July 26, 1971. An investigation was conducted and on October 21, 1971, he was informed that the investigation did not support his complaint. On October 29, 1971, plaintiff requested a hearing with an appeals examiner from another agency. A hearing was held and on May 11, 1972, the recommendation of no probable cause was sustained. Plaintiff appealed to the Board of Appeals and Review, U. S. Civil Service Commission, and on December 17, 1972, he received notification that the appeal had been denied.

Plaintiff seeks to enjoin the defendant from interfering with the rights of plaintiff afforded by Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq.; injunctive relief ordering his promotion with job seniority from July 11, 1971, back pay, and attorney's fees.

Defendant moves to dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. Briefs have been filed by both parties. No hearing was requested.

The motion to dismiss should be denied for the reasons which follow.

Under Title VII as originally enacted, the Government was exempt from the provisions of the Act. 42 U.S.C.A. § 2000e–16 which became effective March 24, 1972, brought the Government within the provisions of the Act.

The issue that must be decided is whether or not the amendment, 42 U.S.C.A. § 2000e–16, is to be given retroactive effect. The defendant argues that since the alleged discriminatory conduct took place prior to the enactment of §

2000e–16, the action is not one consented to by the Government and is thus barred by Sovereign Immunity.

The courts are divided on the issue. The majority of the courts have held that 42 U.S.C.A. § 2000e–16 is not retroactive and does not apply to personnel actions of federal agencies relating to actions occurring prior to the enactment of the amendments. Place v. Weinsberger et al., Civil Action No. 38902 (E.D. Mich.S.D. July 5, 1973); Freeman v. Defense Construction Supply Center, Civil Action No. 72–246 (S.D.Ohio, Oct. 17, 1972); Moseley v. United States, Civil Action No. 72–380–S (S.D.Calif. Jan. 23, 1973); Palmer v. Rogers, et al., Civil Action No. 1016–72 (D.C.D.C. Sept. 7, 1973); also see Cohen v. Chesterfield School, 474 F.2d 395 (4th Circuit 1973) holding that the 1972 amendments were not retroactive in regards to the educational institution exception.

Place v. Weinsberger, *supra*, bases its ruling primarily on the fact that the language of § 2000e–16 does not address itself to the issue of retroactivity. Since waivers of Sovereign Immunity should be strictly construed, the court held that any doubts concerning the scope of the amendment should be decided in favor of prospective application only. The other decisions do not discuss the rationale behind their decisions.

On the other hand, two decisions out of the District of Columbia have held that the 1972 amendments are retroactive. Hackley v. Johnson, 360 F.Supp. 1247 (D.C.D.C.1973); Walker v. Kleindienst, 357 F.Supp. 749 (D.C.D.C.1973).

*Walker* held that the 1972 amendment is remedial in nature and as a result, gave it retroactive application.

It would appear that the 1972 amendment, 42 U.S.C.A. § 2000e–16(c) anticipates that it should be given some retroactive effect. It states:

"(c) Within thirty days of receipt of notice of final action by a department, . . . or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, . . . brought pursuant to subsection (a) of this section, *Executive Order* 11478 or any succeeding Executive orders, . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S. C.A. § 2000e–16(c). (Emphasis added).

Executive Order 11478, 34 Fed.Reg. 12985, August 8, 1969, states that it is the Government's policy to provide equal employment opportunity and to prohibit racial discrimination in Federal Government employment. § 2000e–16(c) states that if an employee is aggrieved by a final disposition of a complaint that was based on Executive Order 11478, he may file a civil action. Since Executive Order 11478 was enacted August 8, 1969, it appears that § 2000e–16(c) was meant to cover claims that arose prior to the enactment of § 2000e–16(c).

This does not mean that § 2000e–16(c) is retroactive as to all claims that arose before its enactment because the section requires that a suit be filed within thirty days of receipt of final notice. In this case, plaintiff received notice that his appeal was denied by the Civil Service Commission on December 17, 1972. His suit was filed in the United States District Court on January 16, 1973. Thus plaintiff has complied with the provisions of § 2000e–16(c).

It would appear that § 2000e–16(c) was meant to cover the situation at bar and the defendant's motion to dismiss should be denied.

It is therefore ordered that the defendant's motion to dismiss is denied and defendant shall answer the complaint within fifteen days.