495 F.2d 1223
 8 Fair Empl.Prac.Cas. 153, 8 Empl. Prac. Dec. P 9437
Bob S. PETTERWAY, Plaintiff-Appellant,
v.
The VETERANS ADMINISTRATION HOSPITAL, HOUSTON, TEXAS, and
Dr. John W. Chaiborne, Jr., Individually, etc.,
Defendants-Appellees.
 No. 73-1772.
 United States Court of Appeals, Fifth Circuit.
 June 12, 1974.
 
 Gabrielle K. McDonald, Mark T. McDonald, Houston, Tex., William L. Robinson, Jack Greenberg, New York City, for plaintiff-appellant.
 Anthony J. P. Farris, U.S. Atty., Charles B. Wolfe, Robert Darden, Asst. U.S. Attys., Houston, Tex., for defendants-appellees.
 Before BELL, COLEMAN and RONEY, Circuit Judges:
 BELL, Circuit Judge:
 
 
 1
 This is a suit against an agency and an official of the federal government for alleged racially discriminatory employment practices. Solely on the ground of sovereign immunity, the district court granted the government's motion to dismiss.[1] For reasons stated herein, we reverse and remand for further proceedings.
 
 
 2
 In this complaint appellant alleged that he was first employed by the Veterans Administration Hospital in 1963 as a Food Service Worker at grade WG-2, at which he worked until transferring to the Engineering Department in 1966 as a Refrigeration/Air Conditioning Mechanic at WG-7. He alleged on information and belief that until 1963 the Engineering Division was composed entirely of white persons. Because of prior experience as an electrical repairman before joining the Va, appellant contended that he was qualified for the top labor grade, WG-11, at the time he entered the Engineering Department in 1966 rather than WG-7. He also alleged that white employees equally or less qualified than black employees in the Engineering Department had not been required to enter at the WG-7 pay level as had all black employees but entered at WG-10 or WG-11. He claimed that on five occasions he had sought the position of Refrigerator/Air-Conditioning Mechanic in the Engineering Department but, even though notified that he was 'qualified and referred for consideration,' was not selected.
 
 
 3
 Discrimination was also alleged in terms of defendants' having failed to post job vacancies despite the requirements of the Merit Promotion Plan with the result of having hired white employees from without the department. Finally, appellant claimed that he was then employed as a Control Mechanic at WG-10 but is paid a lesser salary than white employee who previously occupied that position.
 
 
 4
 Appellant's allegation that he had exhausted his administrative remedies has not been challenged. He filed a complaint claiming discrimination with the Civil Service Commission on January 15, 1970. A formal hearing was held by an Appeals Examiner of the United States Civil Service Commission on August 24, 1970. The Appeals Examiner found that because of his race plaintiff had been denied a promotion to a Refrigeration/Air-Conditioning Mechanic job at WG-11 on December 29, 1969. The office of the General Counsel, Veterans Administration, refused to adopt the findings of the Appeals Examiner, and plaintiff appealed to the Board of Appeals and Review, United States Civil Service Commission, on April 27, 1971. On September 16, 1971, the Board of Appeals and Review held that the evidence did not support the conclusion of the Appeals Examiner. Appellant alleges that subsequent efforts were made to reopen the case before the United States Civil Service Commission but without success. He filed this suit in federal district court on July 12, 1972.[2]
 
 
 5
 In his multitudinous prayer, appellant sought declaratory and injunctive relief, immediate promotion to the WG-11 position which he claimed had been denied to him and also back pay. The prayers as to declaratory and injunctive relief are directed to the alleged discriminatory practices to the end that the practices be declared illegal and enjoined. In addition to the prayer for promotion and back wages for appellant, there is also a prayer that the defendants take affirmative action to correct the past discriminatory practices with respect to plaintiff and the members of the class of black employees similarly situated.
 
 
 6
 Sovereign immunity is not a talismanic defense that bars all forms of relief in an employment racial discrimination suit against officials and an agency of the federal government. The district court should have considered whether and to what extent the relief sought by appellant was appropriate by treating the petition as being in the nature of a petition for mandamus. See Beale v. Blount, 5 Cir., 1972, 461 F.2d 1133, 1137. Our decision in Beale v. Blount makes it clear that injunctive relief is barred by sovereign immunity.[3] On the other hand, it was stated that a claim for reinstatement is in the nature of mandamus and thus not barred by sovereign immunity. 461 F.2d at 1137-1138. Relief available by mandamus would include a promotion as well as reinstatement if otherwise appropriate.
 
 
 7
 Further, the trial court should have considered whether the alleged racial discrimination by the individual defendant was ultra vires to his statutory and constitutional authority and whether the relief sought is within the Larson-Dugan exception to sovereign immunity.[4] Larson v. Domestic and Foreign Commerce Corporation, 1949, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628; Dugan v. Rank, 1963, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15. See Gautreaux v. Romney, 7 Cir., 1971, 448 F.2d 731, 735; Rockbridge v. Lincoln, 9 Cir., 1971, 449 F.2d 567, 572-573.
 
 
 8
 Doubtless some of the relief sought by appellant is barred by the doctrine of sovereign immunity. The granting of the motion to dismiss on this basis, however, as to the entire claim was error. Moreover, given the varying types of relief sought, this appeal is complicated by prematurity in that the issues were not defined in the district court nor were they narrowed to the point where we are able to discern the particulars of the claims for the purpose of separating the non-sovereign immunity mandamus type claims from those otherwise barred, or from those, if any, which may fall under the aegis of the Larson-Dugan exception as it applies to federal officials. Hence the matter must be considered anew in the district court.
 
 
 9
 Reversed and remanded for further proceedings not inconsistent herewith.
 
 
 
 [1]
 The government also moved to dismiss for failure to join indispensable parties, the individual members of the Civil Service Commission. The district court did not rule on this motion and we need not consider it here
 
 
 [2]
 On March 24, 1972, Congress amended the 1964 Civil Rights Act to specifically enforce the obligations of equal employment opportunity in Federal employment. 42 U.S.C.A. 2000e-16. Clearly, federal employees properly alleging racially discriminatory practices in federal employment subsequent to this legislation have available both administrative and judicial avenues of relief. 1972 U.S.Code Cong. & Admin.News, pp. 2137, 2157-2160. E.g., Fears v. Catlin, D.Colo., 1974, 377 F.Supp. 291
 Since appellant's discrimination complaint was no longer pending with the administrative agency on March 24, 1972, the Amendment's effective date, as well as his suit having been filed beyond the new statute's 30 day time period in which to file a civil action after receipt of notice of final agency action, we do not consider the question of the Amendment's applicability to alleged pre-Amendment acts of discrimination. Compare Walker v. Kleindienst, D.D.C., 1973, 357 F.Supp. 749, with Hill-Vincent v. Richardson, N.D.Ill., 1973, 359 F.Supp. 308. See also Jackson v. U.S. Civil Service Commission, S.D.Tex., Dec. 13, 1973, 7 CCH Empl.Prac.Dec. P9134.
 
 
 [3]
 Appellant has argued that 42 U.S.C.A. 1981, one of his jurisdictional predicates, constitutes a waiver of sovereign immunity. His principal reliance is on language in District of Columbia v. Carter, 1973, 409 U.S. 418, 422, 93 S.Ct. 602, 605, 34 L.Ed.2d 613, where the Court said Section 1982, like Section 1981 a part of the Civil Rights Act of 1866 based on the Thirteenth Amendment, is 'an 'absolute' bar to all such discrimination, private as well as public, federal as well as state.' Appellant contended this 'waiver' was buttressed by the long-standing federal policy against racial discrimination in federal employment manifested by Executive Orders, most recently E.O. 11478 (1969), and statute, e.g., 5 U.S.C.A. 7154(b)
 It is well settled however that a waiver of sovereign immunity must be specific and explicit and cannot be implied by construction of an ambiguous statute. See United States v. Shaw, 1940, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; Barefield v. Byrd, 5 Cir., 1963, 320 F.2d 455, cert. denied, 1964, 376 U.S. 928, 84 S.Ct. 675, 11 L.Ed.2d 624. Section 1981 contains no explicit waiver of sovereign immunity by the federal government but merely a general prohibition of discrimination on racial grounds. See Beale v. Blount, 5 Cir., 1972, 461 F.2d 1133. Congress has more recently spoken directly and explicitly. See note (2) supra.
 
 
 [4]
 See Penn v. Schlesinger, 5 Cir., 1973, rehearing en banc ordered, March 15, 1974, 490 F.2d 700, Zapata v. Smith, 5 Cir., 1971, 437 F.2d 1024, 1027 (dicta), Gardner v. Harris, 5 Cir., 1968, 391 F.2d 885