386 F.Supp. 897 (1974)
Van Dyke THOMPSON, Plaintiff,
v.
Kenneth LINK, as an Individual, and in his capacity as Director, United States Marshal Service for the Eastern District of Missouri, Department of Justice, St. Louis, Mo., et al., Defendants.
No. 74-526 C (1).
United States District Court, E. D. Missouri, E. D.
December 10, 1974.
*898 James W. Sherby and Francis H. Kennedy, Legal Aid Society of the City and County of St. Louis, St. Louis, Mo. for plaintiff.
Donald J. Stohr, U.S. Atty., St. Louis, Mo., for defendants.

MEMORANDUM
MEREDITH, Chief Judge.
This action is before the Court on defendants' motion to dismiss. The motion will be granted for reasons stated below.
Plaintiff, a black man, applied for employment as a deputy United States marshal on or about October 16, 1961. On or about December 5, 1961, plaintiff received a written notice from Mr. Olin Bell, then Director of the St. Louis office of the United States Marshal Service, stating that the plaintiff was ineligible for appointment because he was over the maximum age of forty. On or about June 16, 1962, plaintiff received another letter from Bell stating that his application would remain open for consideration to fill a vacancy for which plaintiff may qualify. Sometime in 1963, plaintiff contacted the Marshal Service to inquire into the status of his application. He was told to get an endorsement from his ward committeeman or woman to waive the maximum age requirement, but he was unable to do so. At that time the position of deputy United States marshal was not under the classified Civil Service, and the positions could be filled directly by the United States Marshal in the appropriate district.
In 1966, the deputy marshals were placed in the classified Civil Service, 28 U.S.C. § 562.
In 1971, the maximum-age limit was abolished. In March of that year plaintiff again inquired into the status of his application and was told by the Civil Service Commission that they had no record of it. When he made inquiry at the Marshal's office, he was told on one day that his application was still on file, but was told the next day that it was not on file. On or about May 7, 1971, plaintiff was told by defendant Link that his application would not be considered because it was too old.
On November 18, 1973, plaintiff filed a charge of race discrimination with the Department of Justice. On January 23, 1974, the Department of Justice rejected plaintiff's complaint. Plaintiff then filed an appeal with the Board of Appeals and Review of the Civil Service Commission. On June 30, 1974, plaintiff received written notice that the Board had affirmed the January 23, 1974, decision of the Department of Justice. This suit was filed on July 29, 1974.
It must first be noted that since the position of deputy United States marshal has been encompassed in the classified Civil Service since 1966, Marshal Link was not in a position to consider plaintiff's application because it had not been processed through the Civil Service Commission, therefore, Link's statement to plaintiff, in May of 1971, that he could not consider the application because it was too old, was correct. Under Civil Service Regulations then in force, the United States Marshal could not hire a deputy marshal unless the person had been investigated and placed on the Civil Service eligibility list. The plaintiff in this case was not on the eligibility list.
Plaintiff alleges jurisdiction of this Court under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1343(4), and further alleges that relief is available under Executive Order 11478 and the United States Constitution, Fifth Amendment.
Plaintiff cites Hill-Vincent v. Richardson, 359 F.Supp. 308 (N.D.Ill. 1973), as authority for his Fifth Amendment claim. The Court in that case held that where racial discrimination has deprived plaintiff of rights guaranteed by the Fifth Amendment and the requisite amount in controversy has been alleged, the court has jurisdiction under 28 U.S.C. § 1331, even though the statutory provision has not been specifically *899 pleaded. In this case, however, plaintiff has not alleged any amount in controversy. The Hill-Vincent case deals with the wrongful discharge of a government employee, which does raise a due process issue. However, where the plaintiff is merely an unsuccessful applicant, as is the case here, there is not the requisite deprivation of life, liberty, or property necessary to sustain a due process claim.
Executive Order 11478 does not provide for jurisdiction in the Federal Courts. It is an enunciation of government policy, but does not contemplate its enforcement by private civil action. Gnotta v. United States, 415 F.2d 1271 (8th Cir. 1969), (based upon the predecessors of Executive Order 11478).
Plaintiff also asserts a cause of action under 42 U.S.C. § 1981. There is some split of authority on the question of whether the United States has consented to be sued under this statute for alleged acts of employment discrimination. In the case of Kuhl v. Hampton, 326 F.Supp. 439 (E.D.Mo.1971), aff'd 451 F.2d 340 (8th Cir. 1971), Judge Harper held that sovereign immunity was a bar to employment discrimination suits brought under 42 U.S.C. § 1981. The Eighth Circuit in Gnotta, supra, held that a court must first determine whether the suit is really one against the United States, even though individual officers are named, if so, it must be dismissed. Using the test enunciated in Gnotta, 415 F.2d at 1277, this Court concludes that the injunctive relief sought here would operate against the sovereign and compel the Government to act and is, therefore, a suit against the United States to which it has not consented.
The final question to be decided is whether this action is properly within the scope of 42 U.S.C. § 2000e-16, which allows suits to be brought against the United States on complaints of employment discrimination. The primary issue in contention is whether this section is to be given retrospective effect to allow suits based upon alleged acts of discrimination that occurred before March 24, 1972, the effective date of the Act. Plaintiff has cited several cases where such suits have been allowed. In those cases, the most notable of which is Koger v. Ball, 497 F.2d 702 (4th Cir. 1974), the suits were allowed because the complaint had been pending administratively at the time the new law went into effect. Such is not the case here. Plaintiff has alleged discriminatory acts committed in March and May of 1971, but the administrative charge was not filed until November 18, 1973, some nineteen months after the effective date of the statute.
The Court is of the opinion that the holding in Koger is correct in that it allows claims that were already in the administrative process on March 24, 1972, to come under the provisions of the new law. However, this holding should not be extended to include claims that arose out of pre-act discrimination, but were not brought before an administrative body until some time after the new section went into effect. The Fourth Circuit, in a case subsequent to Koger, held that if administrative proceedings had been completed prior to March 24, 1972, the suits could not be brought under the 42 U.S.C. § 2000e-16, even though the complainant had filed a request to reopen his case with the administrative agency after the effective date. Clark v. Goode, 499 F.2d 130 (4th Cir. 1974). If the plaintiff in this case were allowed to bring this suit under 42 U.S.C. § 2000e-16, it would create an incongruous result in that persons who promptly processed their claims administratively and had them concluded before the new law went into effect, would be barred from bringing suit while one who waited two and one-half years to file his administrative charges may now litigate his pre-act discrimination charge. While Congress did not place a cut-off date for the filing of the administrative charges in 42 U.S.C. § 2000e-16, the whole tenor of the Civil Rights Act of 1964 and the 1972 Amendments, of which this section is a part, is one of encouraging and, in *900 some cases, requiring the prompt filing of charges. To allow this action would be inconsistent with that general policy.
In addition to the failure of jurisdiction of this Court, the complaint on the merits, taking all of its allegations as true, fails to state a case of discrimination for the reason that plaintiff could not have been hired because he was not on the Civil Service eligibility list.