**Mason HOFFENBERG, Appellant,**

v.

**Abraham L. KAMINSTEIN, Register of Copyrights, Appellee.**

**No. 21152.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 26, 1967.

Decided April 23, 1968.

Certiorari Denied Oct. 21, 1968.

See 89 S.Ct. 235.

———◆———

Mr. Charles Rembar, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Morton E. Yohalem, Washington, D. C., was on the brief, for appellant.

Mr. Michael W. Werth, Attorney, Department of Justice, with whom Asst. Atty. Gen. Edwin L. Weisl, Jr., Messrs. Morton Hollander and T. Hayward Brown, Attorneys, Department of Justice, and Miss Barbara A. Ringer and Miss Dorothy Schrader, Attorneys, United States Copyright Office, were on the brief, for appellee. Mr. John C. Eldridge, Attorney, Department of Justice, also entered an appearance for appellee.

Mr. Stanley L. Temko, Washington, D. C., filed a brief on behalf of the Authors League of America, Inc. as amicus curiae urging reversal.

Mr. Ben Cohen, Washington, D. C., with Amster & Rothstein, Jesse Rothstein and Bernard L. Goldstein, New York City, filed a brief on behalf of

Lancer Books, Inc. as amicus curiae urging affirmance.

Before WILBUR K. MILLER, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant and Terry Southern, both American citizens, are co-authors of the novel "Candy" which was first printed and published in the English language in France in 1958 with the appropriate statutory copyright notice. See 17 U.S. C. §§ 19 and 20 (1964). On March 11, 1965, more than six years after first publication of the foreign edition in France, appellant submitted to appellee an application for registration of a claim to ad interim copyright in the foreign edition. On the same date he submitted an application for registration of a claimed copyright in an American edition of "Candy" which was substantially the same text as the French edition. On March 31, 1965, the Copyright Office refused to register either the claimed ad interim copyright for the French edition or the claim to copyright in the American edition, stating as its reason failure to comply with the provisions of Sections 16,[1] 22[2] and 23 of the Coypright Code, 17 U.S.C. §§ 16, 22, 23 (1964). On June 25, 1965, appellant filed the present action in the District Court to compel the Register of Copyrights to issue a certificate of registration covering only the 1964 American edition. On cross-motions for summary judgment, the District Court granted the Register's motion, denied appellant's motion, and dismissed the action.

█ Except when the ad interim provisions of Sections 22 and 23 are met, Section 16 of the Copyright Code allows copyright registration of English-language books by United States citizens only where the first publication is printed in the United States. Implementing these provisions of the Copyright Code pursuant to 17 U.S.C. § 207 (1964), in 1956 the Register of Copyrights promulgated the following regulation:

"*Ad interim registrations.* (1) An American edition of an English-language book or periodical identical in substance to that first published abroad will not be registered unless an ad interim registration is first made." 37 C.F.R. § 202.4(b) (1967).

Since the novel "Candy" was first published and printed[3] abroad in the English language and there is no ad interim registration of that edition, registration of the American edition was properly refused.

█ A regulation, of course, is presumptively valid and ordinarily should be upheld unless it is inconsistent with the statute. New York Foreign Freight Forwarders & Brokers Ass'n v. F.M.C., 2 Cir., 337 F.2d 289, 295 (1964), cert. denied, 380 U.S. 910, 914, 85 S.Ct. 893, 13 L.Ed.2d 797 (1965). The above regulation is not only not inconsistent with the pertinent sections of the Copyright Code, but in our judgment it accurately reflects the intention of Congress. *Compare* United States v. Zazove, 334 U.S. 602, 611, 68 S.Ct. 1284, 92 L.Ed. 1601 (1948). Even if there were some doubt, we would be required to resolve that doubt in favor of the Register's interpretation. Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).

Affirmed.

Circuit Judge BURGER concurs in the result.

---

1. Section 16 requires generally that for an English-language book to be registered for copyright in the United States it must be printed in the United States.

2. Section 22 requires that the application for ad interim copyright of a foreign edition of an English-language book be made within six months after publication abroad.

3. Appellee concedes that, where a foreign edition is printed in the United States, a subsequent American edition may be registered without compliance with the ad interim provisions of 17 U.S.C. §§ 22 and 23.