**John E. WOMACK, Appellant**

**v.**

**James T. LYNN, Secretary of Department of Housing and Urban Development, et al.**

**No. 72–1827.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 5, 1974.

Decided Oct. 1, 1974.

Robert B. Fitzpatrick, Washington, D. C., for appellant.

Garey G. Stark, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty. at the time the brief was filed, and John A. Terry, Asst. U. S. Atty., were on the brief, for appellees.

Lawrence D. Levien and John L. Burke, Jr., Washington, D. C., filed a brief on behalf of Washington Lawyers Committee for Civil Rights Under Law as amicus curiae. Roderic V. O. Boggs, Washington, D. C., entered an appearance for amicus curiae.

Before WRIGHT, TAMM and WILKEY, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

We must decide whether Section 717(c) of the Equal Employment Opportunity Act of 1972, Pub.L. 92–261, 86 Stat. 111, 42 U.S.C.A. § 2000e–16(c) (1974), which amends Title VII of the Civil Rights Act of 1964, Pub.L. 88–352, 78 Stat. 255, to grant federal employees the right to bring employment discrimination claims against the Government in United States District Courts, applies retroactively to actions pending on March 24, 1972, the effective date of the amendment. The District Court denied appellant, a federal employee, leave to amend his complaint to include the newly established Title VII claim and granted summary judgment for the Government. Because it is our view that Section 717(c) applies retroactively to actions pending on March 24, 1972, we reverse and remand this case for further proceedings.

Plaintiff-appellant John E. Womack is a black employee of the Federal Housing Administration (FHA), a division of the Department of Housing and Urban Development (HUD). In bare-bones outline, Womack's complaint of racial discrimination is that he has been repeatedly denied the opportunity to advance himself in the FHA while a white co-worker with less experience and a lower GS grade has been promoted to a position that rightfully should have been his. In a chain of administrative proceedings commencing in 1968, Womack has exhausted his administrative remedies by pressing his claim through the various levels of the HUD and Civil Service Commission superstructure. The substance of his claim was sustained early on by Samuel J. Simmons, HUD Assistant Secretary for Equal Employment Opportunity. On October 28, 1969 Simmons adopted the finding of the hearing officer that Womack had been denied equal opportunity in his employment by reason of racial discrimination in violation of Executive Order 11246, 30 Fed.Reg. 12319 (1965).[1] Simmons ordered Womack promoted, but denied him the back pay and retroactive seniority to which he claimed he was entitled. All further proceedings, including the present one, have challenged only the adequacy of this remedy. On December 3, 1969 Womack requested that HUD reconsider its corrective action. Unsatisfied with HUD's minor modification in its remedy, announced on April 24, 1970, Womack appealed to the Board of Appeals and Review (BAR) of the Civil Service Commission. BAR rejected his appeal on September 8, 1970, and on May 14, 1971 Womack filed this suit against the Secretary of HUD and others, seeking back pay and retroactive seniority. The suit was based on various federal statutes, regulations, and constitutional provisions.[2] On May 31, 1972, after the effective date of the Equal Employment Opportunity Act of 1972, appellant sought to amend his complaint to add Section 717(c) as a basis of jurisdiction.[3] The District

---

1. Executive Order 11246 has been superseded by Executive Order 11478, 34 Fed.Reg. 12985 (1969).

2. Appellant alleged the case arose under the Fifth Amendment to the Constitution, 5 U.S.C. § 701 et seq. (1970), 5 U.S.C. § 5596 (1970), 5 U.S.C. § 7152 (1970), 28 U.S.C. § 2201 (1970), 42 U.S.C. § 1981 (1970), and Executive Orders 11246 and 11478. Jurisdiction was invoked under 5 U.S.C. § 702 (1970), 28 U.S.C. § 1343(4) (1970), 28 U.S.C. § 1346(a)(2) (1970), and 28 U.S.C. § 1361 (1970). Appendix at 3.

3. Section 717(c), 42 U.S.C.A. § 2000e–16(c) (1974), reads:

Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from

Court denied appellant's motion for leave to amend on June 9, 1972 and on the same day granted summary judgment to the Government while denying appellant's summary judgment motion. No opinion accompanied any of these rulings. This appeal followed.

The question of the retroactivity of the amendments of Title VII that apply to the federal government has generated a spate of litigation, both in this circuit and elsewhere.[4] Nonetheless, to date only two circuits have spoken on the issue. The Sixth Circuit, in Place v. Weinberger, 497 F.2d 412 (1974), found that Section 717(c) did not apply retroactively, while the Fourth Circuit, in Koger v. Ball, 497 F.2d 702 (1974), found just the opposite. Having examined carefully both opinions, as well as the many District Court opinions and the arguments of the parties before us,

we are persuaded that the Fourth Circuit's analysis is the better, both standing alone and in light of its convincing rebuttal of the statutory construction linchpin of the Place decision. Accordingly, we adopt the reasoning of Koger. Section 717(c) is merely a procedural statute that affects the remedies available to federal employees suffering from employment discrimination. Their right to be free of such discrimination has been assured for years.[5] We hold that this remedial statute applies retroactively to proceedings already pending at the time of its effective date, March 24, 1972.[6]

Since we are without the benefit of an opinion from the District Court, we cannot be certain why appellant's motion to amend was denied and summary judgment entered against him. The transcript of the proceedings on June 9

---

the filing of the initial charge with the department, agency, or unit or with the Civil Service Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

4. A majority of District Court cases have found § 717(c) to apply retroactively. See Fears v. Catlin, D.Colo., 377 F.Supp. 291 (1974); Henderson v. Defense Contract Administration Services Region, S.D.N.Y., 370 F.Supp. 180 (1973); Jackson v. United States Civil Service Com'n, S.D.Tex., 379 F.Supp. 589 (1973); Gautier v. Weinberger, D.D.C., 7 FEP Cases 473 (1973); Grubbs v. Butz, D.D.C., 6 FEP Cases 432 (1973), appeal pending, D.C.Cir. No. 73–1955; Hackley v. Johnson, D.D.C., 360 F.Supp. 1247 (1973), appeal pending on other issues, D. C.Cir. No. 73–2027; Harrison v. Butz, D.D. C., 375 F.Supp. 1056 (1973); Pointer v. Sampson, 62 F.R.D. 689 (1973), appeal pending on other issues, D.C.Cir. No. 73–

1937; Walker v. Kleindienst, D.D.C., 357 F.Supp. 749 (1973); Johnson v. Froehlke, D.Md., 5 FEP Cases 1138 (1973). But see Feiger v. Warner, S.D.Cal., 7 FEP Cases 784 (1974); Palmer v. Rogers, D.D.C., 6 FEP Cases 892 (1973), appeal pending, D. C.Cir. No. 73–2110; Hill-Vincent v. Richardson, N.D.Ill., 359 F.Supp. 308 (1973); Mosely v. United States, S.D.Cal., 6 FEP Cases 462 (1973); Freeman v. Defense Constr. Supply Center, S.D.Ohio, 5 FEP Cases (1972), appeal dismissed, 6 Cir. No. 72–2157 (April 20, 1973).

5. The right has been assured by a series of Executive Orders dating back at least to 1948. See E.O. 9980, 13 Fed.Reg. 4311 (1948); E.O. 10590, 20 Fed.Reg. 409 (1955); E.O. 10925, 26 Fed.Reg. 1977 (1961); E.O. 11246, 30 Fed.Reg. 12319 (1965); E.O. 11478, 34 Fed.Reg. 12985 (1969).

6. While Koger involved a proceeding pending administratively on March 24, 1972, we see no reason why its rationale should not apply to cases which were properly pending in District Courts on that date and in which all administrative remedies had been exhausted. See Henderson v. Defense Contract Administration Services Region, supra note 4, 370 F.Supp. at 181–183; Walker v. Kleindienst, supra note 4, 357 F.Supp. at 752.

strongly suggests, however, the reason was that the District Court did not believe Section 717(c) to be retroactive.[7]

7. MR. POLHAUS [counsel for plaintiff]: * * * [T]here is a motion which the plaintiff has filed for leave to amend the complaint to include as a basis for recovery the recently enacted Equal Employment Opportunity Act, which was passed subsequent to the filing of the original complaint. We believe it is applicable.

THE COURT: Would it apply?

MR. POLHAUS: We believe it would, Your Honor.

THE COURT: What does the defendant say?

MR. SCHWEITZER [counsel for the Government]: Your Honor, we believe the Equal Employment Opportunity Act is not retroactive; * * *

Since this belief was erroneous, this case must be

Reversed and remanded.

THE COURT: Do you oppose the motion for leave to amend?

MR. SCHWEITZER: No, Your Honor.

THE COURT: You don't oppose it?

MR. SCHWEITZER: Well, we would oppose the motion for leave to amend in that we don't believe—

THE COURT: Well, do you or don't you?

MR. SCHWEITZER: Certainly, Your Honor.

THE COURT: All right. If you oppose it I won't allow it.

Transcript 2-3.