Violet Davis GRUBBS, Individually and on behalf of all persons similarly situated, Appellant,

v.

Earl L. BUTZ, Individually and as Secretary of Agriculture, et al.

No. 73–1955.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 16, 1974.

Decided June 23, 1975.

Jane Lang McGrew, Washington, D. C., for appellant.

Joseph B. Valder, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Thomas G. Corcoran, Jr., Asst. U. S. Attys., were on the brief for appellee.

Before BAZELON, Chief Judge, and ROBINSON and MacKINNON, Circuit Judges.

Opinion for the Court filed by Chief Judge BAZELON.

BAZELON, Chief Judge.

The Equal Employment Opportunity Act of 1972 [1] (EEOA), which amends Title VII of the Civil Rights Act of 1964 [2], extends procedural protections to federal employees complaining of employment discrimination. Under § 717(c) of the EEOA [3] (42 U.S.C. § 2000e–16) a federal employee may file a civil action in United States District Court within 30 days of receiving notice that final action has been taken on his discrimination complaint by his agency or by the Civil Service Commission to which he can appeal. The right to file an action arises as well if within 180 days the agency has not taken final action on his complaint or the Civil Service Commission has not taken final action on his appeal.

1. Pub.L. 92–261, 86 Stat. 103 et seq.

2. Pub.L. 88–352, 78 Stat. 255 et seq. (42 U.S.C. § 2000e et seq.).

3. The full text of § 717(c) is as follows: "Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Civil Service Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate shall be the defendant."

The instant case presents several problems in the allocation of responsibilities between executive agencies and the federal district courts in the application of the EEOA. Before analyzing the problems, it is necessary to present the factual background against which they should be viewed.

Appellant Grubbs, an employee of the Food and Nutrition Service (FNS) of the Department of Agriculture, filed informal charges of sex discrimination within the FNS on February 17, 1971.[4] Failing to secure relief through informal channels, she filed a formal complaint on June 14, 1971. On January 21, 1972, after the complaint had been investigated by the Department's Office of Inspector General (OIG), Mr. Edward J. Hekman, Administrator of the FNS, found that "discrimination because of sex had not been established." On January 27, 1972 Ms. Grubbs indicated her intention to seek a hearing within the Department on her charges.[5]

While the action before the FNS was pending, Ms. Grubbs claims that she was subjected to acts of reprisal by her superiors. These acts culminated, she alleges, in a reorganization of her office in January, 1972 which resulted in her transfer from a supervisory to a non-supervisory position. Therefore, at the same time that she indicated her intention to proceed to hearing on her initial charges, she also extended her complaint to cover the alleged reduction in rank and acts of reprisal.

Rather than proceed with her reduction in rank charges within the Department, Ms. Grubbs, as provided for in 5 C.F.R. 752.203, appealed the alleged reduction in rank directly to the Civil Service Commission. With that appeal she joined a claim that the reorganiza-

tion and transfer were acts of reprisal. Thus, as of November, 1972 Ms. Grubbs was proceeding on two fronts. Her charges relating to the 1971 acts of alleged discrimination were before the Department awaiting a hearing, while the reduction in rank and reprisal charges were before the Civil Service Commission.

At a November 7, 1972 prehearing conference on the 1971 charges, an oral agreement as to a settlement was reached. However, when reduced to writing it did not meet with Ms. Grubbs' approval. She indicated this in a letter to the Department on January 11, 1973. On March 22, 1973, she notified the Department of her continued intention to seek a hearing within the Department both on the 1971 charges and the reprisal charges. The Department agreed to hold a hearing on the 1971 charges but, citing the fact that the reprisal issue had been appealed directly to the Civil Service Commission, indicated that its hearing would not cover that issue.

On April 12, 1973, the Civil Service Commission rendered a decision on the reprisal and reduction-in-rank issues. It found that Ms. Grubbs' reassignment was not a reduction-in-rank[6] and was therefore not properly before the Commission at that time. Moreover, since Commission regulations "permit the joining of a discrimination or reprisal charge with [reduction-in-rank charges] only when [the latter are] properly before the Commission," the Commission found that the reprisal charges as well "fall outside of the scope of the Commission's review."[7]

On May 4, 1973, Ms. Grubbs filed an action pursuant to § 717(c) of the EEOA in the United States District Court for the District of Columbia claiming that

---

4. The procedure followed by Ms. Grubbs within the Department of Agriculture was in conformity with 5 C.F.R. 713 and Chapter 713 of the Federal and Department of Agriculture Personnel Manuals.

5. The right to a hearing is expressly recognized in such circumstances. 5 C.F.R. § 713.-217(b).

6. The Commission concluded that Ms. Grubbs' new position was not organizationally subordinate to her former position or one equivalent to it and her transfer therefore could not be considered a reduction-in-rank. In the Matter of Violet Davis Grubbs, Decision of Civil Service Commission, April 12, 1973, page 4.

7. Id.

the Department's actions in 1971 and its alleged acts of reprisal had violated the antidiscrimination provisions of the EEOA.[8] One month later, on June 5, 1973, the Department informed Ms. Grubbs that it intended to continue separate administrative proceedings on her 1971 charges either on the record of the investigation that had been conducted or, if she requested, with a hearing. While claiming that the District Court had exclusive jurisdiction over the matter, Ms. Grubbs nevertheless did notify the Department that she would participate in the hearing. The hearing was scheduled for August 14, 1973. A request to postpone the hearing was denied by the Complaints Examiner appointed to hear the case.

At that point, Ms. Grubbs sought and obtained a temporary restraining order in the District Court prohibiting the Department from proceeding with the hearing. However, several days later, on August 21, 1973, Ms. Grubbs' request for a preliminary injunction prohibiting further administrative processing of her claim by the Department was refused by the trial judge. At the same time the trial judge indicated that "plaintiff will be required to exhaust her administrative remedies within the [Department]." These rulings are the subject of this appeal. On September 14, 1973, a division of this court enjoined the Department from proceeding any further pending disposition of this case.

## I

As a threshold matter, we address appellee's assertion that the District Court lacked jurisdiction. Appellee argues that the EEOA should not be applied to acts of discrimination which occurred prior to March 24, 1972, the Act's effective date.

■ This argument, however, is conclusively precluded by our recent decision in Womack v. Lynn, 504 F.2d 267 (D.C. Cir. 1974). There we held that since the right to sue embodied in § 717(c) of the EEOA is merely an additional means to enforce an already existing right to be free from employment discrimination, the statute would apply retroactively to any cases in which proceedings were pending on its effective date. With Ms. Grubbs already having instituted proceedings in the Department of Agriculture by March 24, 1972, the EEOA is therefore applicable to her case.[9]

■ We turn now to the District Court's ruling that Ms. Grubbs "will be required to exhaust her administrative remedies within the [Department]." We agree with Ms. Grubbs that since her original discrimination complaint had been pending before the Department of Agriculture for over two years further exhaustion should not have been required.[10]

■ As noted, *supra*, 169 U.S.App.D.C. page ——, 514 F.2d page 1325, § 717(c) of the EEOA provides that a civil action may be filed when 180 days have passed without final administrative action having been taken on a complainant's initial

---

8. This was almost two years after Ms. Grubbs had formally complained to the Department of Agriculture about its alleged 1971 discriminatory actions. It was also within 30 days of the Civil Service Commission's decision on Ms. Grubbs' claim of subsequent acts of reprisal.

9. In *Womack*, there were judicial proceedings (filed pursuant to, *inter alia*, Executive Orders 11246 and 11248) rather than administrative proceedings pending at the time that the EEOA became effective. This, however, makes *Womack* no less dispositive of the retroactivity issue as presented in Ms. Grubbs' case. *Womack* nowhere even implies that its

holding does not apply to cases in which administrative proceedings were pending on March 24, 1972. Moreover, the case on which *Womack* placed the greatest reliance in arriving at its retroactivity holding, Koger v. Ball, 497 F.2d 702 (4th Cir. 1974), is one in which the proceedings pending on March 24, 1972 were administrative rather than judicial.

10. While the trial judge did not dismiss the case for failure to exhaust, it was evidently his intent to proceed no further with appellant's civil action until the administrative proceedings were completed.

charge.[11] The 180 day provision represents a Congressional determination that providing prompt access to the courts in discrimination disputes is so important that the administrative process will be given only a finite time to deal alone with a given dispute. Indeed, the Act is in part a response to Congressional realization that "the doctrine of exhaustion of remedies . . . had become [a] barrier to meaningful court review." [12] Requiring a complainant to further pursue administrative remedies after fulfilling all the prerequisites to suit specified by the EEOA and, most importantly, after 180 days have elapsed without final administrative action, would frustrate that response.

No appellate court has yet superimposed an exhaustion requirement on the statutory prerequisites to suit as set out in § 717(c). And, recently, our District Court in Williams v. Mumford, 5 FEP Cases 1042 (D.D.C.1973), held that, regardless of the availability of any further administrative remedy, a federal employee has a right to file a civil action under § 717(c) if final agency action has not been taken within the 180 day period.

Nor does the addition of a further exhaustion requirement to § 717(c) find support in the cases interpreting the analogous part of Title VII dealing with private employees' rights of action in discrimination cases.[13] In McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Supreme Court noted that the prerequisites to suit set out in the statute were the *only* ones that Congress meant to apply: "[W]e will not engraft on the statute a requirement which may inhibit the review of claims of employment discrimination in the federal courts." *Id.* at 798–99, 93 S.Ct. at 1822. Even before *McDonnell Douglas*, Courts of Appeals were unwilling to supplement the statutory scheme with any additional prerequisites that might delay or dilute a private complainant's full access into District Court.[14]

■ Finally, 42 U.S.C. § 2000e–5(f) provides that "it shall be the duty of the trial judge to assign the [discrimination] case for hearing at the earliest practicable date and to cause the case to be in every way expedited." [15] This explicit Congressional desire for expedition might be thwarted if trial judges were free to impose an exhaustion requirement over and above the 180 day provision for federal employment discrimination cases.[16]

---

**11.** While the Civil Service Commission's action of April 12, 1973 might be considered "final administrative action" on Ms. Grubbs' reprisal charges, no final administrative action had been taken for well over 180 days on her original sex discrimination charges of 1971. See note 8 *supra.* The District Court's jurisdiction over these original charges is therefore based on the 180 day provision of § 717(c).

**12.** Hackley v. Johnson, 360 F.Supp. 1247, 1251 (D.D.C.1973); H.R. Rep. No. 92–238, 92d Cong., 1st Sess., 22–26 (1971).

**13.** 42 U.S.C. § 2000e–5.

**14.** *See* Jefferson v. Peerless Pumps, 456 F.2d 1359 (9th Cir. 1972); Dent v. St. Louis–San Francisco Railway Company, 406 F.2d 399 (5th Cir. 1969); Choate v. Caterpillar Tractor Company, 402 F.2d 357 (7th Cir. 1968); Sokolowski v. Swift and Co., 286 F.Supp. 775 (D.Minn.1968).

**15.** Section 2000e–5(f) appears in that portion of Title VII which applies to private employ-

ment discrimination disputes. However, it is made applicable to disputes involving federal employees by 42 U.S.C. § 2000e–16(d): "The provisions of section 2000e–5(f) through (k) of [Title 42], as applicable, shall govern civil actions brought [by federal employees complaining of employment discrimination.]"

**16.** We note that in its provisions regarding civil actions filed by private employees, Title VII does allow the staying of the action *after a request has been made* and *for a limited period of time.* "Upon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending the termination of State or local proceedings . . . or further efforts of the [Equal Employment Opportunity] Commission to obtain voluntary compliance." 42 U.S.C. § 2000e–5(f)(1). We need not decide whether that provision is made applicable to civil actions filed by federal employees by 42 U.S.C. § 2000e–16(d). *See* note 15 *supra.* In the instant case, the trial judge did not invoke 42 U.S.C. § 2000e–5(f)(1). Nor was there a request to do so as required by

## III

The remaining question is whether the administrative proceedings dealing with Ms. Grubbs' discrimination complaint can proceed concurrently with the proceedings in the trial court. This issue is presented by the trial judge's denial of the preliminary injunction sought by Ms. Grubbs. The scope of our review in such matters is of course limited to determining whether the trial judge abused his discretion or rested his analysis upon an erroneous legal premise.[17]

The District Court found that Ms. Grubbs had made neither the required showing that she had a substantial likelihood of succeeding on the merits nor that denial of the requested injunction would cause her irreparable harm.[18] We find no basis for disturbing these findings.

Substantial factors weigh against the probability that Ms. Grubbs will succeed on the merits of her claim that the Department of Agriculture has lost jurisdiction over her discrimination complaint. First, nothing in the Act implies that administrative processing of a case must terminate once a civil suit is brought.[19] Section 717(c) provides access to the judicial forum if there has been no final administrative action on an individual's complaint for 180 days; it does not terminate active administrative involvement with the complaint once that access has been utilized.

Secondly, while Title VII does not explicitly provide that administrative and judicial processing of either federal or private employee complaints shall proceed concurrently, its text does provide one significant indication that Congress foresaw the possibility of concurrent proceedings. 42 U.S.C. § 2000e–5(f)(1) provides that in a private employment discrimination case, the District Court may stay its proceedings for sixty days pending the termination of either local or state proceedings or Equal Employment Opportunity Commission efforts to conciliate the dispute. If the filing of a civil action automatically terminated all non-judicial jurisdiction over a discrimination dispute, this provision would be meaningless since no occasion could ever arise in which to apply it. Thus the existence of concurrent jurisdiction is apparently implicit in § 2000e–5(f)(1).[20]

Ms. Grubbs' chances of prevailing on her claim are further decreased by 5 C.F.R. § 713.23, one of the regulations adopted by the Civil Service Commission as a means of implementing the EEOA.[21] That regulation provides

---

the statute. Finally, the trial judge did not indicate—again as required by the statute—that the cessation of judicial proceedings would be limited to sixty days.

17. Delaware & Hudson Ry. v. United Transportation Union, 146 U.S.App.D.C. 142, 450 F.2d 603, 619 (1971), cert. denied, 403 U.S. 911, 91 S.Ct. 2209, 29 L.Ed.2d 689 (1971); District 50, UMW v. International Union, UMW, 134 U.S.App.D.C. 34, 412 F.2d 165 (1969); Wallace v. Lynn, 507 F.2d 1186. (D.C. Cir. 1974).

18. See Quaker Action Group v. Hickel, 137 U.S.App.D.C. 176, 421 F.2d 1111, 1116 (1969); Industrial Bank of Washington v. Tobriner, 132 U.S.App.D.C. 51, 405 F.2d 1321, 1324 (1968). Before granting a preliminary injunction, the trial judge must also consider "the inconvenience that an injunction would cause the opposing party, and must weigh the public interest as well." Quaker Action Group v. Hickel, supra, 421 F.2d at 1116.

19. Prior to the enactment of the EEOA, several draft bills, in dealing with complaints of discrimination advanced by private employees, did provide that the jurisdiction of the court would become exclusive once a civil action was filed and that administrative processing of the complaint would have to cease at that point. See, e.g., S. 2515, 92d Cong., 1st Sess, § 4; H.R. 1746, 92d Cong., 1st Sess, § 8. No such provision appeared in the legislation that was ultimately enacted.

20. Section 2000e–5(f)(1) may be made explicitly applicable to the federal employment situation by § 2000e–16(d). See note 16 supra. If so, its relevance to Ms. Grubbs' claim of exclusive jurisdiction in the federal court is of course heightened.

21. The authority to issue regulations appropriate to the carrying out of its responsibilities under the EEOA is granted to the Civil Service Commission by 42 U.S.C. § 2000e–16(b).

that "The filing of a civil action [for employment discrimination] by an employee or applicant does not terminate agency processing of a complaint . . . under this subpart." Thus, in the most explicit fashion, the notion of concurrent jurisdiction is approved. Enjoining the administrative proceedings in the instant case would be tantamount to ruling that there is a substantial possibility that the quoted regulation is invalid. However, agency regulations are of course normally presumed valid unless shown to be inconsistent with the statute they implement;[22] we can find no inconsistencies between the quoted regulation and the Act.

Nor has Ms. Grubbs shown that she would be irreparably harmed if the challenged administrative proceedings are not enjoined. Her claim rests largely on the thesis that denial of the injunction will mean that she will be compelled to proceed in the judicial and administrative fora at the same time. The pressures and expenses associated with this compulsion, she asserts, will irreparably harm the right granted her by the EEOA to have her claim adjudicated by the District Court.

Appellant's counsel acknowledged in oral argument that her claim of compulsion rests on the assumption that she is not entitled to a de novo trial in District Court. Hence, it is asserted, to the extent that the Department of Agriculture proceeding can be relied on by the District Court, she must participate in that proceeding in order to seek a favorable administrative record.

Whether the EEOA guarantees a trial de novo to federal employees in all employment discrimination cases is a question of great importance and one that has been the subject of much District Court litigation.[23] However, in the instant case we need not decide whether the statute mandates an across-the-board de novo requirement. We are not concerned here with the need for de novo treatment in those situations in which a full administrative record has been compiled and final administrative action has been taken on a complaint *prior* to the filing of the civil action. Our consideration is much more narrowly confined to the weight to be afforded by the District Court to administrative proceedings which are not completed prior to the filing of a civil action under § 717(c).

The fact that the trial judge might rely on an administrative record compiled after the filing of Ms. Grubbs' civil action does not in itself mean that Ms. Grubbs will be irreparably harmed by denial of the injunction. If, before basing its decision on that administrative record, the trial court would give her a full and fair opportunity to present her own evidence, she could not claim to be compelled to participate in two proceedings simultaneously. With that opportunity, she could safely elect to concentrate her entire resources on the judicial proceeding.[24]

Largely in order t. protect that option we hold that in adjudicating a claim of a federal employee under Title VII, the District Court may not rely

---

22. Hoffenberg v. Kaminstein, 130 U.S.App. D.C. 35, 396 F.2d 684, 685 (1968), cert. denied, 393 U.S. 913, 89 S.Ct. 235, 21 L.Ed.2d 199 (1968).

23. See, e. g., Hackley v. Johnson, 360 F.Supp. 1247 (D.D.C.1973) (appeal pending); Johnson v. United States Postal Service, 364 F.Supp. 37 (D.Fla.1973); Thompson v. United States Department of Justice, Bureau of Narcotics and Dangerous Drugs, 360 F.Supp. 255 (C.D. Cal.1973); Guilday v. Department of Justice, 385 F.Supp. 1096 (D.Del. 1974).

24. Notwithstanding any implication to the contrary in the trial court's ruling, the mere fact that the administrative record is subject to review does not dispose of Ms. Grubbs' irreparable harm claim. Without the assurance that she will be able to present her own evidence in court, Ms. Grubbs could reasonably feel compelled to expend resources and time in the administrative proceeding that could otherwise be devoted to her civil action.

on the record of administrative proceedings which were not completed prior to the filing of the civil action without giving the employee a full and fair opportunity to present his own evidence in court. Otherwise, the spirit and intent of the EEOA would be violated in two critical respects. First, it would, as noted, force a complainant to proceed in two fora at the same time. Faced with this prospect on filing a civil suit, a federal employee might feel constrained to refrain from filing and simply wait until the ongoing administrative proceeding is terminated. In granting employees a right to file after 180 days have passed without final administrative action, § 717(c) cannot be interpreted to have permitted the creation of such a constraint. While the administrative agency can exercise jurisdiction concurrent with that of the District Court under Title VII, that jurisdiction may not inhibit the exercise of rights granted under § 717(c).

Secondly, allowing the District Court to place undue reliance on an administrative record of which a part was compiled subsequent to the filing of the civil action might create an incentive for the trial court to delay its proceedings pending termination of the administrative proceedings. Such an incentive would threaten the statute's express aim of "[causing] the [judicial proceedings] to be in every way expedited." [25]

It follows from the foregoing that the District Court's denial of the requested injunction may not be disturbed. The case is remanded for proceedings to determine forthwith the merits of Ms. Grubbs' discrimination complaint.