**S. Elizabeth CARTER, Plaintiff,**

**v.**

**James T. LYNN et al.,**
**Defendants.**

**Civ. A. No. 2194–73.**

United States District Court,
District of Columbia.

Oct. 15, 1975.

Karl W. Carter, Washington, D. C., for plaintiff.

Earl J. Silbert, U. S. Atty., District of Columbia, Arnold T. Aikens, John R. Dugan, Asst. U. S. Attys., District of Columbia, for defendants.

## MEMORANDUM OPINION AND ORDER

SIRICA, District Judge.

The above entitled action is before the Court on the defendants' Motion To Dismiss, Or In The Alternative, For Summary Judgment, to which plaintiff filed an opposition and which was the subject of oral argument before the Court.

### FACTS

Plaintiff is a black, female, GS–5 payroll clerk for the Payroll Section, Accounting Operations Division, Office of Financial Systems and Services, United States Department of Housing and Urban Development.

On February 2, 1972, plaintiff was denied a promotion to a position of GS–6 Payroll Clerk when a Caucasian female was chosen to fill the position. As a result, plaintiff filed a formal complaint of racial discrimination on March 1, 1972, stating that she had been passed over at least three times for promotion to the GS–6 level in favor of whites with less experience than she. Plaintiff alleged that she had been discriminated against by her supervisor, that the merit staffing procedures had not been followed, and that there was a pattern and practice of racial discrimination in her unit and in the department.

After a failure of plaintiff's Equal Employment Counselor to resolve the complaint through informal means, an investigation of the allegations was conducted from May through August of 1972 by the Office of the Inspector General of the agency, resulting in a report of the investigation being furnished to the E.E.O. Officer. Further attempts to resolve the matter informally proved fruitless and plaintiff requested a formal hearing which commenced on January 30, 1973. On that date the Civil Service Commission hearing examiner ruled that the testimony of certain witnesses and certain documents which counsel for the plaintiff wished to introduce into evidence at the hearing were inadmissible. Upon this ruling, counsel for the plaintiff informed the hearing examiner that he was not prepared to go forward with the hearing and requested a postponement. The hearing examiner denied counsel's request for a postponement, terminated the hearing on the grounds of plaintiff's failure to prosecute, and remanded the case to the agency for final decision pursuant to Commission regulations, 5 C.F.R. § 713.221.

On August 7, 1973, the agency issued its final decision finding that the plaintiff had not been discriminated against with regard to three GS–6 promotions which took place during the period of February 1968 to February 1972.

Plaintiff filed a petition for rehearing with the Civil Service Commission's Board of Appeals and Review on September 13, 1973. This final appellate body within the Commission rendered its decision upholding the agency's decision on November 6, 1973. A letter was sent to plaintiff and her attorney, dated November 7, 1973, notifying plaintiff of the Board's decision and stating that, if she was dissatisfied with the decision, she could file a civil action in an appropriate U. S. District Court within thirty days of the receipt of the letter.

The complaint at issue here was filed in the U. S. District Court for the District of Columbia on December 18, 1973, forty-two days after notice of the Board's decision was sent to the plaintiff.

### DEFENDANTS' MOTION TO DISMISS

In defendants' motion to dismiss, they take the position that this Court lacks jurisdiction to hear this case, arguing that (1) there is no statutory basis for the Court to entertain this case, and (2) even if there were a statutory basis for

plaintiff's claim, this action was not timely filed in the U. S. District Court.

■ In the original motion to dismiss, defendants contended that the Court lacks jurisdiction to hear this case under The Equal Employment Opportunity Act of 1972, Section 717(c), since that act was not retroactive and the alleged acts of discrimination occurred prior to the effective date of the Act. However, as defendants admit in their supplemental memorandum in support of their motion to dismiss, it is now settled, at least in this circuit, that the E.E.O. Act of 1972, Section 717(c) applies retroactively to any case in which proceedings were pending, either administratively or judicially, as of the effective date of the Act. *Grubbs v. Butz,* 514 F.2d 1323 (D.C. Cir. 1975); *Womack v. Lynn,* 164 U.S. App.D.C. 198, 504 F.2d 267 (1974).

■ Since, in this case, plaintiff filed a complaint of racial discrimination with the proper authority within the agency on March 1, 1972 and the matter was pending as of the effective date of the Act, March 24, 1972, this Court would properly have jurisdiction under the E.E.O. Act of 1972.

Defendants also argue that the Court lacks jurisdiction since plaintiff failed to file her complaint in the district court within the proper time required for such action, that is, within thirty days of the final agency decision, when she was given proper and timely notice to do so, as is required by the E.E.O. Act of 1972, Section 717(c).

This case is very similar to *Brown v. General Services Administration,* 507 F.2d 1300 (2d Cir. 1974). Upon facts substantially the same as in this case, the Court of Appeals for the Second Circuit held that the E.E.O. Act of 1972 granted jurisdiction to plaintiff's claim since his complaint was pending on the effective date of the Act. The Court went on to say that, since the Act applied to plaintiff's case, the requirement of the Act that the plaintiff file a complaint within thirty days of the notice of final administrative decision had to be complied with. The failure of the plaintiff to file within the time limit was fatal to his case since he received proper notice of the requirement.

Two other cases, both from this District Court, also hold that the Court lacks subject matter jurisdiction to hear a case in which the plaintiff has failed to comply with the thirty-day filing provision, *Roney v. Saxbe,* 380 F.Supp. 1191 (D.C.D.C.1974) (Corcoran, J.) and *Kurylas v. U.S. Dept. of Agriculture,* 373 F.Supp. 1072 (D.C.D.C.1974) (Pratt, J.) *aff'd* 514 F.2d 894 (D.C.Cir. 1975).

In her opposition to the defendants' motion to dismiss in the instant case, plaintiff does not contest either the retroactivity of the E.E.O. Act of 1972 or the application of the time limitation under the Act. Rather, plaintiff asserts that she proceeds upon a completely different theory of jurisdiction to gain access to the Court, stating that the E.E.O. Act of 1972 is not the exclusive method of obtaining jurisdiction and thereby rendering the Act's time limitation inapplicable. Plaintiff cites the Administrative Procedure Act, 5 U.S.C. §§ 554, 556, 557 and 702; the due process clause of the Fifth Amendment; the Tucker Act, 28 U.S.C. 1346, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, as bases for jurisdiction alternative to the E.E.O. Act of 1972.

Again, *Brown v. General Services Administration, supra,* has addressed this argument. In *Brown* counsel for the plaintiff also argued that the Act of 1972 need not apply since the Act is not exclusive, and that the plaintiff could proceed under an independent, separate theory of jurisdiction which did not include the thirty-day filing requirement.

The Court dismissed this argument, holding that the Act is, in effect, the exclusive basis for jurisdiction in that it constitutes a waiver of sovereign immunity which must be strictly construed. Congress, in passing the Act, gave consent for the type of action set forth in Section 717(c) and conditioned this con-

sent upon compliance to the filing requirement. The Court stated:

> Statutes waiving sovereign immunity are to be strictly construed . . . . [W]e cannot ignore the explicit condition imposed by Congress on a suit such as the instant one. It would wholly frustrate Congressional intent to hold that a plaintiff could evade the 30 day filing requirement "by the simple expedient of putting a different label on [his] pleadings." *Preiser v. Rodriguez,* 411 U.S. 475, 489–490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).
>
> . . . . We find no injustice in requiring compliance with the 30 day filing requirement. On the contrary, to permit suit without compliance . . . would effectively undermine the strong public policy that requires strict construction of a statute which waives sovereign immunty. (*supra,* at 1307)

These same policy considerations, addressed by the Court in *Brown* in construing the application of the requirements of Section 717(c), must also be considered in the instant case.

## CONCLUSION

■ Since the E.E.O. Act of 1972 gives this Court jurisdiction over plaintiff's claim and requires that plaintiff must have filed her complaint with the Court within thirty days after receiving notice of the final agency decision in her case, and since plaintiff failed to file her complaint within the time required after having received proper notice of the requirement, it appears to the Court that this action was not timely filed and that it lacks subject matter jurisdiction over this case.

It is, therefore, by the Court this 14th day of October, 1975,

Ordered that the defendants' motion to dismiss be and the same hereby is, granted; and it is

Further ordered that the complaint in the above entitled case be, and the same hereby is, dismissed.