James F. SCOTT and Gloria J. Martin, Plaintiffs,

v.

Caspar W. WEINBERGER et al., Defendants.

Civ. A. No. 1315–73.

United States District Court, District of Columbia.

Jan. 21, 1976.

Jeffrey R. Reider, Roderic V. O. Boggs, Washington, D. C., for plaintiffs.

Earl J. Silbert, U. S. Atty., Robert N. Ford, Robert S. Rankin, John R. Dugan, John K. Villa, Asst. U. S. Attys., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

The defendants in this case have filed a motion to dismiss or in the alternative for summary judgment and plaintiffs have filled a cross-motion for summary judgment, which motions are presently before the Court.

### FACTS

This is an employment discrimination case in which plaintiffs Scott, a black male, and Martin, a black female, allege that they were discriminated against on the basis of race when they were hired by St. Elizabeths Hospital as dental assistants at the grade GS–4 level, while all similarly situated white dental assistants were hired at the grade GS–5 level.

The material facts are not in dispute.

Plaintiff Scott was hired as a dental assistant, GS–4, on February 25, 1961, and continues to be employed by the hospital, presently at the GS–5, Step 7 level. Plaintiff Martin was hired as a dental assistant, GS–4, on April 11, 1969, and was promoted to a GS–5 position shortly before she terminated her employment on June 15, 1970.

On March 20, 1972, the Office of the Director of Equal Employment Opportunity, HEW, issued a decision in the complaint case of *Cox v. Health Services and Mental Health Administration* (Administrative Record pp. 23–27) finding that Mrs. Cox, a black co-worker of plaintiffs here, had been discriminated against when she was hired as a dental assistant at the GS–4 level, while whites were hired at GS–5.

As a part of that decision, the HEW Director of Equal Opportunity sustained and accepted the conclusions and analysis of the Health Services and Mental Health Administration's proposed disposition (Defendants' Statement of Material Facts as to Which There is No Genuine Issue, p. 2) which concluded that there had been a pattern of racial discrimination in the hiring of dental assistants at St. Elizabeths Hospital and specifically found that plaintiffs Scott and Martin, in addition to Mrs. Cox, had been victims of such discrimination. (Administrative Record, pp. 29–33).

In May of 1972, Mrs. Cox informed Scott and Martin of the favorable decision that she had received in her case and plaintiffs each filed separate complaints of discrimination on July 3, 1972. The Agency dismissed their complaints as untimely since they dealt with hirings which occurred over

eleven (in the case of Scott) and three (in the case of Martin) years before the respective complaints were filed. The Civil Service Commission's Board of Appeals and Review affirmed the Agency action and notified plaintiffs of their right to file a complaint in the U. S. District Court within thirty days.

### A. DEFENDANTS' MOTION TO DISMISS

The government argues that the Court lacks jurisdiction to hear this case (1) since the EEO Act of 1972 does not apply retroactively to allegations of discrimination which occurred prior to the effective date of the Act and (2) since plaintiffs failed to name the Commissioners of the CSC as defendants.

■ The first argument is without merit. It is now well settled, at least in this Circuit, that the EEO Act of 1972 is retroactive to apply to alleged acts of discrimination which occurred prior to the effective date of the Act and pending administratively on or after the effective date of the Act. *Grubbs v. Butz,* 169 U.S.App.D.C. 82, 514 F.2d 1323 (1975); *Womack v. Lynn,* 164 U.S.App.D.C. 198, 504 F.2d 267 (1974). Since plaintiffs both filed their administrative complaints alleging discrimination on July 3, 1972, which was subsequent to the effective date of the Act, this Court properly has jurisdiction.

■ Defendants' second argument also falters. Defendants claim that plaintiffs' failure to name the individual Commissioners of the CSC as defendants deprives the Court of jurisdiction. The District of Columbia Circuit has also addressed this question, ruling in *Hackley v. Roudebush,* 171 U.S.App.D.C. 376, 520 F.2d 108 (1975) that "The only proper defendant in a Title VII suit . . . is the 'head of the department, agency, or unit' in which the allegedly discriminatory acts transpired." 520 F.2d at 115. Since plaintiffs have named the Secretary of the Department of Health, Education and Welfare, the head of the department of the government in which the alleged acts of discrimination took place, as

a defendant in this case, the proper defendant is before the Court and the Commissioners of the CSC need not be joined or added as parties for this Court to have jurisdiction.

Defendants' motion to dismiss should be denied.

### B. CROSS–MOTIONS FOR SUMMARY JUDGMENT

■ Defendants contend that they are entitled to summary judgment since the final decision of the Civil Service Commission, denying plaintiffs' claims as untimely filed and finding that no basis existed for granting a waiver of the time limits, was proper and had a rational basis.

In support of this position, defendants cite the applicable statute of limitations for bringing complaints in EEO cases. The Civil Service Commission Regulations, 5 C.F.R. 713.214(a)(1), provide that:

> [T]he agency may accept the complaint for processing in accordance with this subject only if—
>
> (i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 days of the date of that matter
>
> . . . . .

It is an undisputed fact that the plaintiffs, Scott and Martin, did not file their complaints with the Commission within the time provided under the statute for the acts of discrimination which occurred at the time they were hired at a lower grade than their white co-workers.

Under normal circumstances, as defendants contend, this would appear to be dispositive of the case. However, this case contains an added fact which presents an added dimension to defendants' attempt to rely upon the statute of limitations as a defense to this action. In this case, a thorough investigation of hiring practices resulting from Mrs. Cox's complaint, made by the Agency itself, led to the conclusion that a pattern and practice of racial discrimina-

tion had existed in the hiring of blacks at a lower grade than whites, and a specific finding that plaintiffs Scott and Martin had been victims of this discrimination.

This action of the Agency in taking it upon themselves to thoroughly investigate the alleged improprieties and to go so far as to *specifically name* the plaintiffs here as having been victims of this discrimination, is exactly the determination sought by these plaintiffs.

Under the circumstances, the attempt by the defendants to assert the statute of limitations is of questionable validity.

The purpose for statutes of limitations have been well explained by the courts:

> Statutes of limitations . . . in their conclusive effects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim, it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them. *Order of Railroad Telegraphers v. Railway Express Agency,* 321 U.S. 342, 348–9, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944).

These purposes have also been cited as the reasons for the statutory requirement for filing an EEO claim within a specific time period. *McCarty v. Boeing Co.,* 321 F.Supp. 260, 261 (D.C.Wash.1970).

In this case these bases for asserting the statute of limitations are inapplicable. The Agency, in fact, found memories, records and witnesses upon its own initiative and made a determination that these plaintiffs were discriminated against. There is no "surprise" claim and the complaint itself does not require agency investigation of a stale claim. The Agency has already taken it upon itself to pursue and complete the required investigation. Under these circumstances there is a distinct lack of prejudice to the defendants, and the statute of limitations should not apply to bar these complaints.

The courts have held that Congress promulgated the Equal Employment Opportunity Act of 1972 as a broad remedial measure, giving federal employees remedies to protect their right to be free from employment discrimination; a right which has existed for years. *Womack v. Lynn,* 164 U.S. App.D.C. 198, 504 F.2d 267 (1974).

It is within the spirit of the Equal Employment Opportunity Act and the demands of justice that, in this case, where the Agency has made the determination that the plaintiffs were victims of employment discrimination and the delay in filing the complaints has not resulted in any apparent prejudice to the defendants, that this Court finds the 30-day filing requirement inapplicable and plaintiffs are entitled to summary judgment as a matter of law.