James R. WILLIAMS

v.

DEPARTMENT OF the NAVY
Philadelphia Naval Shipyard.

Civ. A. No. 78–3744.

United States District Court,
E. D. Pennsylvania.

June 13, 1979.

James R. Williams, pro se.

Antoinette R. Serritella, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM

LUONGO, District Judge.

Plaintiff was formerly employed by the Department of the Navy as a machinist in the Philadelphia Naval Shipyard. He was hired in that capacity on three separate occasions; each time, he was terminated within six months of his appointment. Following each termination, plaintiff pursued (to varying degrees) his administrative remedies within the federal government. On November 28, 1978, he filed this complaint pro se, alleging that each of the three terminations was racially motivated and hence violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(a) (1976). The Navy moves to dismiss the complaint for lack of subject-matter jurisdiction, and has attached to its motion copies of three letters addressed to plaintiff and a copy of an administrative decision on one of his complaints. The Navy's motion raises a number of factual issues relating to jurisdiction that must be clarified before I can dismiss any of plaintiff's claims. See Fed. R.Civ.P. 12(b)(1), (d).

In 1972, "Congress extended the protection of Title VII of the Civil Rights Act of 1964 . . . to employees of the Federal Government." *Chandler v. Roudebush,* 425 U.S. 840, 841, 96 S.Ct. 1949, 1950, 48 L.Ed.2d 416 (1976) (citation omitted); *see* Equal Employment Opportunity Act of 1972, Pub. L.No.95–261, § 11, 86 Stat. 103. The 1972 legislation added a new provision—section 717—that "proscribes federal employment discrimination and establishes an administrative and judicial enforcement system." *Brown v. General Servs. Administration,* 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 404 (1976) (footnote omitted). Subsection (c) of that section is of particular importance here.[1] The Supreme Court has described its operation as follows:

---

1. Section 717(c) provides:

"Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a com-

plaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Civil

"Section 717(c) permits an aggrieved employee to file a civil action in a federal district court to review his claim of employment discrimination. Attached to that right, however, are certain preconditions. Initially, the complainant must seek relief in the agency that has allegedly discriminated against him. He then may seek further administrative review with the Civil Service Commission or, alternatively, he may, within 30 days of receipt of notice of the agency's final decision, file suit in federal district court without appealing to the Civil Service Commission. If he does appeal to the Commission, he may file suit within 30 days of the Commission's final decision. In any event, the complainant may file a civil action if, after 180 days from the filing of the charge or the appeal, the agency or Civil Service Commission has not taken final action."

*Brown v. General Servs. Administration,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 404 (1976).

The Navy argues that subject-matter jurisdiction is lacking here because (1) plaintiff failed to bring this action within the thirty-day limitation of section 717(c), and (2) in any event, plaintiff failed to exhaust his administrative remedies before bringing this suit. I shall consider these issues in turn.

Initially, the Navy contends that the thirty-day limitation of section 717(c) bars plaintiff's claims based on his first termination and his third termination.

### THE FIRST TERMINATION

Plaintiff alleges that he received his first temporary appointment as a machinist on or about November 15, 1972. Complaint ¶ 7. On April 4, 1973, he received formal notice that his appointment would be terminated in two days for unsatisfactory con-

duct. Decision of Board of Appeals and Review, Exhibit A to Defendant's Memorandum (Document No. 7). He filed a formal complaint of discrimination that same day. The Shipyard conducted an investigation, and it advised plaintiff in July "of its proposed finding that the evidence of record did not support the allegation of discrimination." *Id.* By letter dated July 26, 1973, the Shipyard informed him that its proposed finding "would be adopted as the final agency decision on his complaint." *Id.* Plaintiff then appealed to the Civil Service Commission's Board of Appeals and Review. On October 2, 1973, the Board issued a final decision affirming the agency's decision.

Although section 717(c) requires that civil actions such as this be filed within thirty days of "receipt of notice of final action taken by a department, agency, or unit . . . or by the Civil Service Commission," 42 U.S.C. § 2000e–16(c) (1976), plaintiff did not file this complaint until November 28, 1978, more than five years after the Board had issued its final decision. The Navy therefore urges that subject-matter jurisdiction is lacking here insofar as the complaint seeks review of plaintiff's first termination. *See also Hart v. J. T. Baker Chem. Co.,* 598 F.2d 829 (3d Cir. 1979).

Plaintiff alleges, however, that he "filed this Complaint within thirty days of having been advised of his right to do so." Complaint ¶ 14. Although the statutory thirty-day period runs from "receipt of notice of final action," 42 U.S.C. § 2000e–16(c) (1976), rather than from receipt of notice of one's right to sue, plaintiff's allegation at least suggests that he may not have received notice of the Board's 1973 decision at the time it was issued. Indeed, if plaintiff *did* receive a copy of that decision when it was issued, then his allegation in paragraph 14 would make no sense, for the decision itself

Service Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on

his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant."
42 U.S.C. § 2000e–16(c) (1976).

plainly stated that plaintiff could bring a civil action in district court within thirty days. Exhibit A to Defendant's Memorandum (Document No. 7). Thus, I construe paragraph 14 of the complaint as alleging that this action was commenced within thirty days of plaintiff's receipt of notice of final action on his complaint of discrimination in connection with the first termination. The Navy has not traversed this allegation by affidavit or otherwise. When and if the Navy properly puts it in issue, plaintiff will of course be required to establish that he filed this action within thirty days of receipt of notice of final action, for jurisdiction hinges on that fact.

## THE THIRD TERMINATION

Much the same may be said of the Navy's motion with respect to plaintiff's third termination. Plaintiff alleges that he was reinstated on March 14, 1977 and terminated (for the third time) on July 1, 1977. Complaint ¶ 11. He filed a formal complaint of discrimination with the Shipyard on July 6, 1977. The Commander of the Shipyard later advised plaintiff, by letter dated April 4, 1978, that this complaint would be cancelled because plaintiff had failed to prosecute it. Exhibit B. to Defendant's Memorandum (Document No. 7). This cancellation was a final decision by the Shipyard.

Plaintiff did not file this complaint until November 28, 1978, some seven months after this final decision was issued. The Navy again invokes the thirty-day limitation of section 717(c) and it argues that subject-matter jurisdiction is lacking here insofar as plaintiff seeks review of his third termination. In my view, however, paragraph 14 of the pro se complaint alleges that plaintiff commenced this suit within thirty days of his receipt of notice of the Shipyard's final action on his complaint of discrimination in connection with his third termination. The Navy has not traversed this allegation by affidavit or otherwise. Accordingly, that allegation is sufficient to withstand the Navy's motion at this time.

The Navy apparently concedes that plaintiff satisfied the procedural requirements of section 717(c) with regard to his second termination. It argues, however, that section 717(c) implicitly requires aggrieved employees to exhaust their administrative remedies before filing suit in federal court, and that plaintiff failed to exhaust his remedies with respect to both the second and the third terminations. As I understand its position, the Navy views exhaustion as a jurisdictional prerequisite, and it therefore argues once again that jurisdiction is lacking insofar as plaintiff seeks review of the second or third terminations. I shall consider this contention separately with respect to the second and the third terminations.

## THE SECOND TERMINATION

Plaintiff alleges that he received a temporary appointment in early January of 1977, and that he was terminated on January 26, 1977. Complaint ¶¶ 5, 9, 10. He filed a formal complaint of discrimination with the Shipyard on March 16, 1977, and the Shipyard rejected this complaint on the merits on March 25, 1977. Exhibit C to Defendant's Memorandum (Document No. 7). On June 8, 1977, plaintiff appealed this decision to the Appeals Review Board. The Board, in a decision dated October 23, 1978, reversed the Shipyard's decision and remanded the complaint for further investigation. Id. By letter dated November 14, 1978, the Shipyard advised plaintiff that it would investigate his complaint. Id. Plaintiff filed this lawsuit on November 28, 1978. On January 2, 1979, the investigator assigned to plaintiff's complaint spoke with plaintiff on the telephone, and plaintiff advised him that this lawsuit was pending and that he did not intend to meet with the investigator. The investigator then wrote to plaintiff, stating that the complaint would not be pursued unless plaintiff provided certain information by January 12. On January 30, the Shipyard advised plaintiff that it had rejected the complaint due to his failure to prosecute it. Exhibit D to Defendant's Memorandum (Document No. 7).

The Navy argues that plaintiff should not be permitted to bypass "the congressionally

mandated attempt at informal resolution" of disputes. Defendant's Memorandum (Document No. 7) at 9. It characterizes the events following plaintiff's second termination in this fashion:

"A review of the record surrounding plaintiff's second . . . EEO complaint discloses his unwillingness to cooperate with the Navy investigator assigned to his case after remand to the Navy by the Civil Service Commission. Plaintiff filed this action on November 28, 1978, including allegations pertaining to his second agency complaint. He completely ignored the Navy's letter to him dated November 14, 1978, . . . advising him that the Navy planned to institute an investigation pertaining to that complaint. Because of his refusal to cooperate, the Navy sent plaintiff a letter dated January 30, 1979, . . . rejecting the second complaint because of plaintiff's failure to pursue his complaint by cooperating with the Navy investigator."

*Id.* 8.

██ Although plaintiff might have secured relief by pursuing his administrative remedies beyond November of 1978, I cannot say that his failure to do so bars this action. Section 717(c), quoted in note 1, *supra*, permits an aggrieved federal employee who has filed a complaint of discrimination with his employing agency to bring a civil action in district court within thirty days of receipt of notice of final action taken by the employing agency. The employee need not appeal to the Civil Service Commission's Appeals Review Board. *E. g., Richerson v. Jones*, 572 F.2d 89, 95 (3d Cir. 1978); *Ettinger v. Johnson*, 518 F.2d 648, 652 (3d Cir. 1975). Thus, plaintiff could have brought this action within thirty days from the time he learned of the Shipyard's initial rejection of his complaint on March 25, 1977. Section 717(c) also permits an employee to bring a civil action within one hundred and eighty days from the time he filed an appeal with the Board (but before the Board takes final action on the appeal).

Plaintiff filed his appeal with the Board on June 8, 1977; one hundred and eighty days later, on December 5, 1977, the Board had taken no action. By the terms of section 717(c), plaintiff could have brought this action at that time, or at any subsequent time (prior to final action by the Board). On October 23, 1978, the Board reversed the agency's decision and remanded plaintiff's claim for an investigation.[2] Thirty-six days later, plaintiff brought this action. He had waited sixteen months while the Board considered his appeal, even though he could have filed suit without ever taking an administrative appeal. I perceive no basis in the statutory scheme for imposing an additional exhaustion requirement. *See generally Grubbs v. Butz*, 169 U.S.App.D.C. 82, 514 F.2d 1323 (1975). Plaintiff's failure to prosecute his second administrative complaint after the Board remanded it to the Shipyard is thus no bar to this civil action.

## THE THIRD TERMINATION

The Navy makes a similar, but much stronger, argument with regard to plaintiff's third termination. Plaintiff filed his third administrative complaint on July 6, 1977. The Shipyard sent him a letter, dated March 20, 1978, advising that the complaint would be cancelled unless he replied within ten days and advised the Shipyard of his intention to prosecute the complaint. Exhibit B to Defendant's Memorandum (Document No. 7). The Shipyard then sent plaintiff a letter, dated April 4, 1978, stating that his third complaint would be cancelled for failure to prosecute. *Id.* That letter advised plaintiff of his right to either (1) take an appeal to the Appeals Review Board, or (2) bring a civil action in district court within thirty days. *Id.* Plaintiff brought this action on November 28, 1978, more than seven months later.

Section 717(c) plainly requires an aggrieved federal employee to file an administrative complaint with his employing agency before bringing a civil action. The Navy urges that plaintiff effectively circumvent-

---

**2.** It is not at all clear that this remand amounted to "final action" by the Board.

ed that minimal exhaustion requirement by filing a complaint and then refusing to cooperate with the agency's efforts to investigate and resolve the charges. I am sympathetic to the Navy's position here, but the matter cannot be resolved on the present record.

As I noted earlier, section 717(c) permits an employee to bring a civil action within one hundred and eighty days from the time he filed a complaint with the employing agency (but before the agency takes final action on the complaint). Plaintiff filed his complaint on July 6, 1977. One hundred and eighty days later, on January 3, 1978, the Shipyard had taken no final action on his complaint, and he could have brought a civil action at that time without awaiting final action by the Shipyard. The record now before me does not reveal what transpired during those one hundred and eighty days. The Navy's letter warning plaintiff that his complaint would be cancelled unless he replied promptly was dated April 4, 1978, some ninety days later. If plaintiff cooperated with the Shipyard during the first one hundred and eighty days, or if the Shipyard made no efforts to investigate his complaint during that period, then plaintiff's subsequent refusal to cooperate should not bar this action. If, on the other hand, plaintiff resisted the Shipyard's efforts to process his complaint during that period, then he may have "bypassed the administrative process," *Richerson v. Jones*, 572 F.2d 89, 96 (3d Cir. 1978), and failed to satisfy the statutory exhaustion requirement. Unfortunately, the Navy has submitted nothing that would enable me to decide the question at this time. On this record, then, I must reject the Navy's contention that plaintiff's failure to exhaust administrative remedies bars consideration of his claims regarding the third termination.

## CONCLUSION

For the reasons set out above, I shall enter an order denying the Navy's motion to dismiss the complaint. My decision is rendered without prejudice to the Navy's right to reassert any or all of its arguments

based on appropriate affidavits or other written submissions.